(21 App. Div. 241.)

GUBBINS v. PETERSON.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

DEEDS—CONSTRUCTION—BUILDING RESTRICTIONS.

C. owned two parcels of land,—one on the west side and one on the east side of Eighth avenue. He conveyed the former to plaintiff, and at the same time they made a mutual agreement that no buildings should thereafter be erected on the respective parcels except stone or brick dwelling

houses of at least three stories in height. The parcel retained by C. also
faced, on its opposite side, on Plaza street, and the deed to plaintiff was,
by its terms, made subject to the restrictions imposed by Laws 1870, c.
613, as to the character and purpose of buildings erected on land facing
the plaza. *Held*, that no implication could be derived from said covenants
that houses to be erected on the latter parcel must face on Eighth avenue.

Appeal from special term, Kings county.

Action by William Gubbins against Charles G. Peterson for an in-
junction. From a judgment for plaintiff, defendant appeals. Re-
versed.

On the 1st day of May, 1890, Alfred C. Chapin, having title to a parcel of
land lying west of, and bounded for upwards of 130 feet on, Eighth avenue,
in the city of Brooklyn, and having title to another parcel of land east of, and
bounded for 75 feet upon, that avenue, entered into an agreement with the
plaintiff simultaneously with the conveyance to him of the parcel first above
mentioned, and thereby covenanted to and with him that he would not at
any time thereafter erect, permit, or allow to be erected upon any part of the
premises above mentioned "any building of less than three' stories in height,
to be used or occupied for any purpose other than as private dwellings, of
stone or brick, and that no flat, apartment, or tenement house or houses"
should at any time thereafter be erected upon such premises, or any part there-
of. And the plaintiff thereby covenanted that he would not erect or allow to
be erected upon any portion of the land so conveyed to him "any building of
less than three stories in height, to be used or occupied for any purpose other
than as private dwelling houses, of stone or brick, and that no flat, apartment,
or tenement house or houses" should at any time be erected upon such land,
or any part thereof. Afterwards, on or about October 31, 1894, Chapin con-
veyed the portion of the premises lying on the east of said Eighth avenue to
Mary E. Perrett, who soon thereafter conveyed them to the defendant. They
are bounded on the east by Plaza street. The judgment directed by the special
term, and entered, enjoined the defendant from erecting any building upon the
premises conveyed to him facing otherwise than upon Eighth avenue.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

James P. Philip, for appellant.
E. J. McCrossin, for respondent.

BRADLEY, J. The covenant in the agreement made between
Chapin and the plaintiff simultaneously with the conveyance made to
the latter of the land lying west of, and bounded by, Eighth avenue,
restrictive as to the character of the structures to be erected on that
and the land on the east side of the avenue, afterwards conveyed to the
defendant, ran with the land; and the defendant was charged with
notice of such restrictions, and took his title subject to them. The
only question in the present case has relation to the interpretation of
the covenant, and is whether or not it was such as to require that any
houses erected on the premises conveyed to the defendant be so con-
structed as to front on Eighth avenue. The alleged occasion for the
action is that he has filed with the building department of the city of
Brooklyn plans and specifications indicating his purpose to erect four
dwelling houses on the premises, to front on Plaza street. It may be
observed that the covenant does not, in terms, express the direction, in
reference to any street or otherwise, on which houses erected on any
portion of the premises coming within its operation should front. But
it is urged on the part of the plaintiff that, in view of the apparent situ-

ation and circumstances, the implication arises from the terms of the covenant, as within the contemplation of the parties to the instrument, that the houses erected on any portion of the premises were to front on that avenue.    This contention is founded in part upon the fact that Eighth avenue was then a desirable street for first-class dwelling houses; that it was contemplated that the houses to be erected on the premises bordering it on the west would front on the avenue, and consequently it would be more agreeable to have fronts than rears of houses on the opposite side, and render the avenue in that locality more desirable.    This may have been within the expectation of the plaintiff when he made his purchase, and he may then have had no apprehension that any owner of the portion of the land referred to, unconveyed to him, would erect such a building as the covenant permitted fronting elsewhere than upon the avenue.    At the time of the conveyance to the plaintiff, in 1890, the residue of the property within the operation of the covenant, and which was afterwards conveyed to the defendant, faced on both the plaza street and Eighth avenue.    The plaza was the subject of statutory provisions enacted in the year 1870, whereby the Brooklyn park commissioners were authorized to lay out a street 80 feet wide within the plaza of Prospect Park; and thereby restrictions were placed upon the character and purpose of buildings erected on the land facing the plaza, and the character of materials of which they were to be constructed, and the manner of their construction, were, to some extent, defined.    Laws 1870, c. 613.    Inasmuch as the land conveyed to the defendant faced upon the plaza, the conveyances to his grantor and to him were by the terms of the deeds made "subject to the covenants and restrictions, as to buildings and against nuisances, contained in former deeds of said premises, and in agreements of record affecting the same, and also to the restrictions imposed and benefits conferred upon said premises by chapter 613 of the Laws of 1870 of the State of New York."    The park plaza is also referred to in the agreement first above mentioned as the eastern boundary of that portion of the premises lying east of Eighth avenue, and which was afterwards conveyed to the defendant.    The plaintiff, therefore, was advised, when he took his conveyance from Chapin, that the premises in question faced upon a public place or street other than Eighth avenue, and substantially parallel with it.    How, then, can it be seen, in the terms of the covenant, that, in view of the situation as it was at that time, the parties must have intended that buildings to be erected upon that portion of the premises should front only upon the avenue?    The question of desirability to be entertained by the owner of it was one for his consideration, and about which the view of people in that relation might differ.    At all events, the frontage of a house upon Plaza street, instead of putting the front on the avenue, was not so clearly contrary to all reason and judgment as to necessarily raise the implication that the covenant was intended to permit the latter only.    There is no ambiguity in the phraseology of the agreement, presenting any question of doubtful meaning.    And it is a well-settled proposition that restrictions upon title taken by grant will not, as against the grantee, be extended beyond those which the instrument creating them, by its terms or by necessary implication, imports.    Duryea v. Mayor, etc.,

62 N. Y. 592; Blackman v. Striker, 142 N. Y. 555, 37 N. E. 484.   It
is true that the qualified use of the premises by the defendant was
made appurtenant to them by the common grantor of the parties, for
the benefit of the plaintiff, in his relation to the property purchased by
him.    And it may be that he had in view the frontage on Eighth ave-
nue of any house which should be erected on the premises which were
afterwards conveyed to the defendant.    But his expectation or under-
standing in that respect, whatever it may have been, cannot enlarge the
import of the covenant, as against the defendant, who, so far as re-
lates to its restrictive provisions, must be deemed to have purchased
in reference only to its terms, and with a view to the interpretation of
which they were fairly susceptible.    Rickerson v. Insurance Co., 149
N. Y. 307, 43 N. E. 856.    Nothing appears in the evidence to character-
ize the united intent of the parties in making the agreement, other than
such as the language employed expresses it.    It is not seen that the
fact that the premises are described in maps in city departments, and
upon the assessment rolls, as upon Eighth avenue, has any essential
bearing upon the question arising upon the covenant.    They do not
qualify the fact that the land is bounded by the two streets.    It can-
not be assumed that the rear of any dwelling house will be so con-
structed upon the premises as to render it or its use a nuisance.    It
certainly may not, nor will the premises thereby necessarily be made so
in their relation to the street in the rear of them, and therefore no such
question is now here for consideration.

These views lead to the conclusion that the judgment should be re-
versed, and a new trial granted; costs to abide the final award of costs.
All concur.