Joseph W. Duryea, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondents.

Exceptions and restrictions in a deed should be construed strictly against the grantor.

Defendants conveyed to plaintiff's grantor certain parcels of land under water, between and adjoining certain contemplated streets. The deed contained covenants that the grantee, upon being required, should construct the streets and bulk-heads or wharves in front of the same and of the parcels of land granted; and " will also fill in the same with good and sufficient earth, and regulate and pave the same and lay the sidewalk thereof." But that they will not build the wharves, bulk-heads or streets, " or make the land in conformity with the covenants " thereinafter mentioned, until permission was obtained from the city. The only covenants for "making lands" by their terms applied solely to the streets, wharves, etc., not to the intermediate spaces. In an action brought to recover damages alleged to have been occasioned by sewers improperly constructed by defendants, which washed out earth filled in by plaintiff upon the parcels conveyed, *held*, that the deed contained no covenants, nor could any be implied therefrom, restricting plaintiff's assignors or himself from filling up and using the parcel conveyed until required or authorized by defendants; but that plaintiff was entitled to the beneficial enjoyment of the property conveyed; and that therefore the exclusion of evidence to prove the filling in of portions of the lands conveyed, and the damage thereto as alleged in the complaint, was error.

*Duryea v. The Mayor, etc.* (2 Hun, 293; 4 T. & C., 512) reversed.

(Argued June 21, 1875; decided September 28, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, in favor of defendants, entered upon an order denying a motion for a new trial and directing judgment upon an order dismissing plaintiff's complaint. (Reported below, 2 Hun, 293; 4 T. & C., 512.)

This action was brought to recover damages alleged to have been occasioned by the flooding of certain premises, situate in New York city owned by plaintiff, by reason of the negligent and improper construction of sewers by defendants.

Plaintiff claimed title under a deed from the city to the Farmers' Loan and Trust Company which conveyed nine parcels of land. They were described as water lots, "vacant ground and soil under water, to be made land and gained out of the East river." They were bounded on certain contemplated streets, or extension of streets, from Thirty-first to Thirty-sixth, and were the spaces between the streets, the strips of land reserved for streets not being conveyed. The deed contained covenants on the part of the grantees, as to each of the contemplated streets, that they will, within three months after they shall be required, but not until they are so required, build, make and finish, according to resolution or ordinance, a good and sufficient firm wharf or street of a specified width, with "good and sufficient bulk-head, wharf, avenue or street in front of the property conveyed and of the said streets." The deed also contained this clause:

"And it is hereby covenanted and agreed by and between the parties to these presents, and the true intent and meaning hereof is, that the said parties of the second part, their successors or assigns, will not build the wharves and bulk-heads, avenues and streets hereinbefore mentioned, or any part thereof, or make the lands in conformity with the covenants hereinafter mentioned, until permission for that purpose shall be first had and obtained from the said parties of the first part, their successors or assigns, and will not build or erect, or cause to be built or erected, any wharf or pier or other obstruction into the East river, in front of Avenue A, without the permission of the said parties of the first part, their successors or assigns, first had for that purpose." All of the subsequent covenants related to the streets.

On the trial plaintiff gave this deed in evidence, proved a conveyance by the grantee to himself of two of the parcels, and also proved that he built a wharf or bulk-head in front of his premises, and offered to prove that he built a return wharf or pier on the northerly side of the premises and filled in between the bulk-head and the shore; that defendants built sewers in the streets which were insufficient

to carry off the water which was discharging upon plaintiff's land, doing the damage complained of. This evidence was objected to on the ground that plaintiff had shown no right or authority to construct the bulk-head or to fill in the land; the objection was sustained and plaintiff's counsel duly excepted. Defendants' counsel moved to dismiss the complaint upon the same ground, which motion was granted and plaintiff's counsel duly excepted. Exceptions were ordered to be heard, at first instance, at General Term.

*A. J. Vanderpoel* for the appellant. The fee of the land was in the mayor, aldermen and commonalty at the time of the grant. (Gerard on Water Rights, 71, 73, 82; *Furman* v. *Mayor*, etc., 10 N. Y., 567.) The mayor, etc., had the same power to alienate as an individual, and the conveyance is to be construed and tested by the same legal rules and principles. (Dillon on Mun. Corp., § 445.) The conditions as to the performance of covenants in the deed are conditions subsequent, and are void if repugnant to the grant. (*Towle* v. *Palmer*, 1 Robt., 449; 4 Kent, 130; Will. on R. E., chap. 4, pp. 100–109.) Plaintiff's evidence showed that the sewer was negligently constructed. (*McCarthy* v. *City of Syracuse*, 46 N. Y., 194; *Barton* v. *City of Syracuse*, 36 id., 543; *Hines* v. *City of Lockport*, 50 id., 336; *Diveny* v. *City of Elmira*, 51 id., 506; Valentine's Laws, 1190, act of 1813.) The estate granted was a conditional estate dependent upon the observance of a "condition subsequent" on the part of the grantee. (*Towle* v. *Palmer*, 1 Robt., 449.) Such conditions are construed most strictly against the party "forming the condition." (Sugd. on Vendors, 15; 4 Kent's Com., 128, 130; *Ludlow* v. *N. Y. and H. R. R. Co.*, 12 Barb., 440; *Nichol* v. *N. Y. and E. R. R. Co.*, 2 Kern., 121; *Franklin* v. *Erie R. Co.*, 53 Barb., 393; *Danepoor's Case*, 4 Coke, 119 b; *Dakin* v. *Williams*, 17 Wend., 449.) Defendants consented to plaintiff's making and filling in his land. (Charter 1857; 1 Hoff. Laws, 211, § 1; 218, § 8.)

*D. J. Dean* for the respondents.    This action could not be maintained without showing actual possession, or such possession as the legal title draws after it.    (*Aiken* v. *Buck*, 1 Wend., 466; *Gardner* v. *Hart*, 1 N. Y., 528; *Holmes* v. *Seeley*, 19 Wend., 507; *Rich* v. *Baker*, 3 Den., 79; *O'Reilly* v. *Davies*, 4 Sandf., 722; *Wetzler* v. *Bord*, 17 Md., 14; *Rockwell* v. *Jones*, 21 Ill., 279; *Dejarnett* v. *Haynes*, 23 Miss., 600; *French* v. *Carhart*, 1 Comst., 96; *Jackson* v. *Parkhurst*, 4 Wend., 396.)    Defendants could not be made liable for damages from the sewer unless it was constructed by them or under their supervision.    (*Lee* v. *Vill. of Sandy Hill*, 40 N. Y., 442; *Mills* v. *Brooklyn*, 32 id., 489; *Wilson* v. *Mayor, etc.*, 1 Den., 595; *Kavanagh* v. *City of Bklyn.*, 38 Barb., 232; *Delmonico* v. *Mayor, etc.*, 1 Sandf., 222, 227; *McCarthy* v. *City of Syracuse*, 46 N. Y., 194; *Vanderbilt* v. *Rich. Tpke. Co.*, 2 id., 479.)    The burden of proving negligence was upon plaintiff, and negligence could not be presumed from the fact of injury.    (*Watson* v. *Bauer*, 4 Abb. Pr. [N. S.], 273; *Weitner* v. *D. and H. Canal Co.*, 4 Robt., 234; *Ernst* v. *H. R. R. R. Co.*, 24 How., 97; *Welling* v. *Judge*, 40 Barb., 234; *Terry* v. *N. Y. C. R. R. Co.*, 22 id., 574; *Waters* v. *Wing*, 59 Penn.; *Wilson* v. *Mayor, etc.*, 1 Den., 595, 599; *Boom* v. *City of Utica*, 2 Barb., 104; *Hanvey* v. *City of Rochester*, 35 id., 177.)    Plaintiff's act in filling up the bulk-head contributed to the injury and was its principal cause.    (*State of Md.* v. *R. R. Co.*, 5 Am. L. Reg. [N. S.], 397; *Walker* v. *Westfield*, 39 Vt.; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y., 430; *Beiseigel* v. *N. Y. C. R. R. Co.*, 34 id., 632; *Wilcox* v. *R., W. and O. R. R. Co.*, 39 id., 358; *Short* v. *Knapp*, 2 Abb. Pr. [N. S.], 241; *B. and O. R. R. Co.* v. *Fitzpatrick*, 35 Md.)    The act of 1857 changing the pier and bulk-head line did not affect plaintiff's restrictive covenant.    (3 Kent's Com., 427; *Gould* v. *H. R. R. R. Co.*, 6 N. Y., 522; *People* v. *Vanderbilt*, 26 id., 287; *Furman* v. *City, etc.*, 5 Sandf., 16; affirmed, 10 N. Y., 567.)

CHURCH, Ch. J. It must be assumed that this case was tried, and the nonsuit granted, upon the theory that the deed from the mayor, etc., of the city of New York to the trust company, the plaintiff's grantor, restricted the grantee and its assigns from filling up or using any portion of the land under water, conveyed by it, until required or authorized to do so by the city. The plaintiff offered to prove that he built a return wharf or open pier, on the north side of the premises which was outside of any street, that he filled in other portions of the land, and also offered to prove facts tending to show that he had been injured by the sewerage turned upon his premises by the defendants. All this evidence was rejected. It would have been competent but for the construction of the deed, that the plaintiff was prohibited from doing any work in filling up the land between the spaces occupied by the streets and wharves as well as the making of the streets and wharves, and the General Term sustained the ruling mainly upon this ground. I am not prepared to assent to this construction. There is certainly no express prohibition or covenant against filling in the intermediate spaces between the shore line and the line of the streets, avenues, wharves, etc. The deed conveys nine several pieces of land under water by metes and bounds, adjoining certain contemplated streets running to the East river. The spaces to be occupied by streets are not conveyed. It contains covenants that the grantee shall, within three months after being required, make and construct the streets and wharves and bulk-heads referred to, "and will also fill in the same with good and sufficient earth, and regulate and pave the same and lay the sidewalks thereof." It also contains a covenant that the grantee will not build the streets, wharves, etc., "or make the lands in conformity with the covenants hereinafter" mentioned, until permission shall be obtained from the city. The only covenant in the deed for *making* lands applies exclusively to the building of streets, wharves, etc., and there is not a word pertaining to the intermediate spaces. It is claimed that there is an implied prohibition

against it because it is impracticable to fill in the intermediate spaces without the streets and wharves for support. There is no evidence to this effect, nor can we take judicial notice of the fact. The return wharf from that in the East river to the shore was built by the plaintiff on his own premises, and of course outside of the street, and I infer that a portion of the space at least back of it might be filled in and used, or piles might be used for foundation without support from the prohibited structures, but this is a question of fact with which we have no concern, and is only referred to for the purpose of illustrating the remark that we cannot take judicial notice of it. The estate granted is a fee simple, and the deed confers upon the grantee and its assigns all the rights and privileges of an absolute owner except as restricted by the covenants and reservations contained in it. The beneficial enjoyment of property belongs to the ownership and the construction contended for would deprive the plaintiff of any such enjoyment, until the city ordered the streets and other structures to be made. It is a general rule that exceptions and restrictions are to be construed strictly against the grantor and are not to be extended beyond the fair import of the language expressed except by necessary implication. No such implication arises in this case. While the city properly retained the control and direction of the time and manner of making streets, etc., it is not apparent how that control is inconsistent with the beneficial enjoyment of the intermediate spaces. It certainly does not appear in the case as now presented. It is unnecessary to consider other questions.

The judgment must be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.