HYMAN SONN and HENRY SONN, Appellants, *v.* HERMAN HEILBERG, Respondent.

*Restrictive covenants — a restriction to "a family residence" does not prevent the erection of an apartment house.*

Restrictive covenants are to be strictly construed against the grantor.

A covenant contained in a deed by which the grantee agrees "not to erect any building * * * less than three stories in height, and the same to be in every way adapted for use as a family residence," and not to erect or permit to be erected buildings in which certain enumerated classes of business should be carried on, is not violated by the erection by the grantee of a six-story apartment house designed for the use of several families, as, in view of the enumeration of the prohibited classes of business, it is evident that the object of the covenant was to restrict the use of the premises to residence purposes in contradistinction to business uses and not to prohibit the erection of houses designed to be occupied by more than one family.

BARTLETT and WOODWARD, JJ., dissented.

APPEAL by the plaintiffs, Hyman Sonn and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of September, 1898, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the merits.

This appeal was transferred from the first department to the second department.

*Morris H. Hayman,* for the appellants.

*Milton Mayer* [*Albert Erdman* with him on the brief], for the respondent.

HATCH, J. :

By this action the defendant is sought to be restrained in the erection of a six-story apartment house, for the residence of families, upon Seventy-eighth street, between Amsterdam avenue and the

Boulevard, in the borough of Manhattan. The lots upon which it proposed to erect the structure are subject to a restrictive covenant which, in terms, is as follows: "Not to erect any building or buildings on the land owned by us, or either of us, aforesaid, and as above particularly described, other than of stone or brick, and of not less than three stories in height, and the same to be in every way adapted for use as a family residence, the fronts of houses hereafter built on the south side of said block, being the block on Seventy-eighth street, between the Tenth avenue and the Boulevord, in said city of New York, not to extend beyond the front of the houses now erected on said side of said block, excepting, however, that the houses on the lots next to property fronting either on the Boulevard or on Tenth avenue may extend so far as to conform to the line of the property built on said Boulevard at Tenth avenue, and, further, not to erect, or permit to be erected or established, upon any of the said property, or part thereof, any slaughter house, smith shop, forge, furnace, steam engine, brass foundry, nail or other iron foundry, livery stable, saloon, coal yard, or any manufacturing of gunpowder, glue, varnish, vitriol, ink or turpentine, or for the tanning, dressing, or preparing skins, hides or leather, or any brewery, distillery or any other noxious or dangerous trade or business."

The particular language which it is claimed the proposed erection will violate exists in the clause "Not to erect any building * * * less than three stories in height, and the same to be in every way adapted for use as a family residence," the claim being that the apartment house is not a "family residence." In all other respects no infringement of the covenant is claimed. The court decided the case upon the pleadings, and certain admitted facts having relation to a change in the character of the structures and the business carried on in the immediate neighborhood. It is the general rule of construction in respect of restrictive covenants that they shall be strictly construed against the grantor. (*Duryea* v. *Mayor*, 62 N. Y. 592; *Blackman* v. *Striker*, 142 id. 555; *Levy* v. *Schreyer*, 19 Misc. Rep. 227.) That is, the covenant being in derogation of the right of unrestricted use of the land, for all lawful purposes, shall not be incumbered by any restrictive clause unless the same be plainly within the intent of the parties as gathered from the language used in the covenant and from surrounding circumstances. (*Clark*

v. *Jammes*, 87 Hun, 215.) Construing this covenant in the light of these rules, we do not think that the proposed apartment house is in violation of it. It is evident that the parties who entered into the covenant sought to devote the land to residence purposes in contra-distinction to business use, and for that purpose aptly described the designated use to which it was proposed to devote the land as a. family residence ; and to make this meaning plain, the covenant was. made to enumerate certain classes of business which might not be carried on upon the property, and for which erections of buildings would not be permitted. It seems clear from this enumeration that the object sought was to restrict the use to residence purposes. The use of the word family in no sound sense qualifies the purpose to which the building should be put. It could scarcely be claimed that if a single gentleman erected a house upon these premises, three stories in height, that he could not be permitted to occupy it, although he had no family, in the ordinary sense of that term. And so we conceive that he might let the apartments in the house to other single gentlemen, without its being supposed that he had violated the covenant restricting the use to a "family residence." Or suppose that a family in literal sense did in fact erect and occupy a house answering to the requirements of the covenant, would they be held to have violated the terms of the covenant if they let rooms in the house to other families, or boarded them therein? We think not; and if not, how does the existence of a structure for the use of several families contravene its provisions? The structure does not cease to be a family residence, although more than one family resides therein, and there is no limitation or restriction upon the use of the property save that it shall be used for the residence of a family, and that business shall not be carried on thereon. The proposed struc-ture is in every way adapted to family use, and will be used by families as a residence ; and this being so, the proposed structure is in literal compliance with the covenant. If the parties had in mind the exclusion of a building for the use of more than one family, they should have so stated it in their covenant; not having done so, the court should not be called upon to interpolate it.

We think the judgment below was right and should be affirmed.

All concurred, except BARTLETT and WOODWARD, JJ., dissenting.

Judgment affirmed, with costs.