HURLEY et al. v. BROWN.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

COVENANTS—CONSTRUCTION—BUILDING RESTRICTIONS.

A covenant in a deed that "no part of said premises shall be so used or occupied as to injuriously affect the use, occupation, or value of the adjoining or adjacent premises for residence purposes," and which also enumerated a number of buildings which were prohibited, such as blacksmith and carpenter shops, livery stables, etc., is not violated by the erection of a building with storerooms therein, although such use of the premises might incidentally affect injuriously the use, occupation, or value of the adjoining or adjacent premises for residence purposes.

Appeal from special term, Kings county.

Action by John J. Hurley and another against Henry Brown. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Horace Graves, for appellant.
S. S. Whitehouse, for respondents.

WOODWARD, J. The facts in this case were fully stated and discussed in an opinion delivered by this court on a former appeal from an order denying a motion for an injunction. 44 App. Div. 480, 60 N. Y. Supp. 846. On the previous appeal we held that the plaintiffs had not shown a violation of the restrictive covenants, and affirmed the order denying the motion for an injunction, with permission to apply ex parte for an injunction if the defendant should undertake to build within a distance of 20 feet of a certain line, such being for-

bidden by the covenant. In the course of the former discussion of this case it was said by this court that "we cannot say, as a matter of law, that the presence of shops and flats will necessarily depreciate or injure neighboring property"; and the learned court at special term has apparently sought to meet this suggestion by finding, as a matter of fact, that "the erection of such a building, with stores therein, upon defendant's premises, would be such use and occupation thereof as would injuriously affect the use, occupation, and value of the property of the plaintiff, described in the first paragraph of the complaint herein, and other adjacent property, for residence purposes, and the neighborhood wherein defendant's said premises are situated."

Conceding that this finding of fact is justified by the evidence, it is not sufficient to justify the judgment, under the reasoning of the former opinion. Every man has a right to use his property in a manner not inconsistent with the equal rights of every other man to a like use of his property, even though such use may incidentally work to the detriment of some of his neighbors, unless he is restricted in this right by covenants in his title deed, or by considerations of a public nature. It is not pretended that any rights of the public are involved in this action, and we must, therefore, look to the covenants in the title deed by which the defendant holds his property in order to know what restrictions have been placed upon his rights as the owner of such property. Covenants are to be strictly construed against the grantors (Hurley v. Brown, 44 App. Div. 480, 483, 60 N. Y. Supp. 846, and authorities there cited); and, unless there is something in the covenants under which the defendant holds which forbids the construction of a building with stores therein, the defendant cannot be denied the right to make the contemplated erection simply because it may "injuriously affect the use, occupation, and value of the property of the plaintiff." Mr. Justice Cullen, in a former opinion, fully disposes of the contention that the covenants in the title deed restrict the owner to the erection of a dwelling house costing not less than $2,500, and says:

"It is provided that no blacksmith or carpenter shop or manufactory of any kind, etc., shall be erected or permitted on the land. If it was intended that no shop or store of any character should be allowed, why was it not so written? The very fact that certain business uses are expressly forbidden indicates that other business uses of a different character are permitted." Hurley v. Brown, supra.

Again, he says:

"If, after the buildings are erected, the defendant permits their use to affect injuriously the use, occupation, or value of adjacent premises, in violation of the covenant, that may be enjoined; but this provision of the covenant goes only to the use of the buildings or structures, and not to the right of the defendant to erect them."

As the defendant still disclaims any intention of building within 20 feet of the line indicated in the covenants, and there is no evidence to dispute this, the judgment appealed from should be reversed, with costs. All concur.