(37 Misc. Rep. 172.)

## HOLT v. FLEISCHMAN.

(Supreme Court, Special Term, New York County. February, 1902.)

1. DEED—COVENANTS—BUILDING RESTRICTION.

A grantor owning several adjoining lots in a resident part of New York covenanted with her grantee in 1866 that when she improved her lots it should be by a first-class dwelling house placed on the same line on which the grantee covenanted to erect a first-class dwelling house. The grantee erected the house as agreed. In 1869, when the vicinity had become a business quarter, defendant in partition sale became the owner of the grantor's property, and in 1901 placed an apartment house on the regular building line five feet in front of the line that his grantor had agreed to observe. *Held*, that the covenant of the grantor was one to be performed in a reasonable time, and at the expiration of 35 years grantee could not enforce it, as the character of the place had been changed, and compel defendant to pull down his apartment house, plaintiff showing no damage by its erection.

2. SAME—CONSTRUCTION.

The covenant on the part of the grantor would apply only to the first house he might build, and defendant, if required to pull down his apartment house, could at once erect in its place any kind of a building for any use that he might desire.

Action by Margaret C. Holt against Joseph Fleischman. Complaint dismissed.

Murray, Bennett & Ingersoll (Charles Gibson Bennett, of counsel), for plaintiff.

Parsons, Shepard & Ogden (H. B. Closson and E. Kaufman, of counsel), for defendant.

CLARKE, J. In 1866 Ann Bushnell was the owner of land at the northeasterly corner of Twenty-Ninth street and Fourth avenue, with a frontage of 145 feet on Twenty-Ninth street. Her title was unrestricted. On July 19, 1866, she conveyed to Perley Holt of this tract the easterly 20 feet, now known as No. 105 East Twenty-Ninth street. The deed contained the following covenant:

"And whereas, the party of the first part is still the owner of the lands situated on the westerly side of and adjoining the premises hereby conveyed, and has thus an interest in securing performance of the covenants hereinafter expressed: Now, therefore, the said parties hereto, for themselves and their respective heirs and assigns, do mutually covenant, promise, and agree as follows, to wit: First. The party of the second part hereby covenants that he will erect upon the lot hereby conveyed a first-class dwelling house, covering the whole front of said lot, and will place the front of the said dwelling house on a line with the fronts of the present adjoining houses next eastward thereto, and will not leave any alleyway upon the said lot, nor place or permit any stable upon the same. Secondly. The party of the first part hereby covenants that whenever she or her heirs or assigns shall improve her said adjoining lot or lots on Twenty-Ninth street, such improvement shall consist in the erection of one or more first-class dwelling houses, the fronts of which shall be placed upon a line with those of the other

houses as aforesaid, and her said lot or lots shall be subject to the same restriction as aforesaid as to any alley or stable."

Immediately after his purchase, Perley Holt, in 1866, erected upon the lot what was then a first-class dwelling house, covering the whole front of the lot, on the line of the fronts of four or five houses to the east five feet back from the building line. By inheritance and conveyance title to this lot and the building so erected thereon is vested in plaintiff. The 45 feet fronting on Twenty-Ninth street immediately adjoining No. 105 (plaintiff's property) was the subject of a partition suit in 1899 between the devisees of Ann Bushnell. Under the judgment entered in that action it was sold at public auction to Henry Morgenthau for $38,000, who assigned his bid to defendant, who paid the consideration of the referee, and obtained his deed on June 19, 1899. This deed contained no reference to the covenant of Ann Bushnell contained in her deed to the plaintiff's grantor of the adjoining property, and it was not until January 29, 1901, that the existence of this covenant came to the notice of the defendant. At that time he had obtained and filed in the building department plans for the erection upon the premises of a seven-story apartment house to cost some $100,000.; had made a contract for the excavation of the foundation, which had been actually begun; and was negotiating for the contracts for the entire building. During the 35 years which had elapsed since 1866, when Ann Bushnell made her covenant with Perley Holt, the character of East Twenty-Ninth street and the surrounding neighborhood had radically changed. In 1866 it was purely residential. The houses on this block were dwelling houses set back five feet from the building line, and occupied by their owners. In 1901 a street car line runs through the street. On the northeast corner of Twenty-Ninth street and Fourth avenue is a three-story apartment house on the building line. One hundred feet from Lexington avenue there has been recently erected a five-story apartment house flush with the street. There is a four-story apartment house on the southeast corner of Fourth avenue and Twenty-Ninth street, and a five-story apartment house on the southwest corner of Twenty-Ninth street and Lexington avenue. Of the sixteen buildings on the south side of Twenty-Ninth street but five are now occupied by the owners, and but eight as private dwellings. Of the others, one is a store; another, opposite plaintiff's premises, is a Chinese laundry; two others are leased to dressmakers; one is a boarding house; one is leased to three different families; and one is occupied by a doctor, who lets furnished rooms. Of the fourteen buildings on the north side, but five are occupied by their owners, and but six as private dwellings; the Lexington avenue corner is a saloon and hotel; the Fourth avenue corner is a drug shop; one is a five-story apartment house; one is rented to a milliner; another to a dressmaker. Plaintiff's complaint demands that the defendant be "perpetually enjoined and restrained from erecting, causing, or permitting to be erected upon his said lot an apartment like that described in the complaint, or any building not a first-class dwelling house within the meaning of the covenant set

out in the complaint, or any building whatsoever on a line in front of the line of the plaintiff's said house, and that defendant be enjoined and decreed to take down and remove any building or part of a building which he may erect or permit or cause to·be erected in violation of the said covenant and the plaintiff's rights thereunder after the beginning of the action." An injunction pendente lite was obtained, but was subsequently dissolved. The building has now been completed at a cost of about $100,000, and is leased and occupied. Without passing upon the question whether defendant is bound by a covenant of which he had no notice when he bought his property or when he commenced to build, contained in a deed of a separate piece of property, which deed was not in his chain of title, of which I have considerable doubt (Trustees v. Lynch, 70 N. Y. 440, 26 Am. Rep. 615; Bradley v. Walker, 138 N. Y. 291, 33 N. E. 1079), the complaint must be dismissed for the following reasons: The covenant was positive. Holt covenanted that he "will erect * * * a first-class dwelling house," and "place the front of said dwelling house on the line of the fronts of the present adjoining houses"; and Ann Bushnell covenanted that "whenever she or her heirs or assigns should improve her adjoining lot or lots she would do the like." It is well settled that such covenants operate only upon the first house erected. The land thenceforth is free from the restriction, and the owner may at any time remove the first building, erected in compliance with the covenant, and erect a new building, or use it for any purpose he may desire. Hurley v. Brown, 44 App. Div. 480, 60 N. Y. Supp. 846; Kurtz v. Potter, 44 App. Div. 262, 60 N. Y. Supp. 764, affirmed 167 N. Y. 586, 60 N. E. 1114. Therefore plaintiff might pull down her building to-morrow, and erect a precisely similar one to defendant's, though bound by the same covenant, and defendant would be remediless; and defendant, if required to pull down his building, having done so, might immediately rebuild an identical structure, the result being that the plaintiff would reap no benefit, while defendant would absolutely lose $100,000. To expect a court of equity to make a decree which would cause such a result is idle. Such a covenant requiring the doing of a thing—the erection of a certain kind of building—is to be construed as requiring it to be done within a reasonable time. Hurley v. Brown, supra. In that case such a covenant after 10 years was held to be unenforceable. Here 35 years have elapsed. In the meanwhile the entire character of the street has changed. In such circumstances the court of appeals has held that, even in the case of negative covenants restricting uses, of which parties have full notice, and which were repeated in all the links in their chain of title, such covenants were not enforceable in equity. Trustees v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365; Amerman v. Deane, 132 N. Y. 355, 30 N. E. 741, 28 Am. St. Rep. 584. Further, there is no proof of pecuniary damage to plaintiff in this case. It is true plaintiff claims an injury to the use of her property as a private dwelling house for herself; but to grant the relief prayed for would, as indicated above, enormously damage defendant. "Equity gives or withholds such decree, according to its discretion, in view of the circumstances

of the case; and the plaintiff's prayer for relief is not answered where, under those circumstances, the relief he seeks would be inequitable. * * * And so, though the contract was fair and just when made, the interference of the court should be denied, if subsequent events have made performance by the defendant so onerous that its enforcement would impose great hardship upon him, and cause little or no benefit to the plaintiff." Trustees v. Thacher, supra. Complaint dismissed on the merits, with costs.

Complaint dismissed, with costs.