# Cases

---

HENRY ROTH, Plaintiff, *v.* JEROME JUNG, Defendant.

*Covenant to build only dwelling houses — it is not violated by a flat or tenement — covenant not to build within twenty feet of the street line — when not enforced by injunction — burden of proof that the conditions have changed.*

The erection of a flat or tenement house is not a violation of a covenant contained in a deed providing that only dwelling houses should be built upon the premises.

The violation of a covenant contained in a deed executed in 1858, " that any house or erection that shall be placed upon said premises shall be set or placed back at least twenty feet from the line of the street on which the same shall be placed, and so as to leave a yard of at least twenty feet between any such house or erection and either and each of said avenues," may be enjoined if a departure therefrom would result in the erection of houses on lines out of harmony with the general character of the neighborhood; if, on the other hand, an enforcement of the covenant would involve a departure, with reference to the building lines, from the general location of the surrounding buildings erected since the covenant was executed and would deprive the owner of an opportunity to improve his land as the adjacent lands have been improved, a court of equity will not grant injunctive relief.

In an action brought to enjoin the violation of such a covenant, the burden of showing that the character of the neighborhood has so changed that it would be inequitable to grant such relief is upon the owner of the property affected by the covenant.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

---

* The other cases of this term will be found in volume 78 App. Div. — [REP.

APP. DIV.—VOL. LXXIX        1

SECOND DEPARTMENT, JANUARY TERM, 1903.        [Vol. 79.

*J. Charles Weschler*, for the plaintiff.

*Herman S. Bachrach*, for the defendant.

JENKS, J.:

This is a controversy submitted pursuant to the Code of Civil Procedure. The plaintiff perforce of a covenant seeks to restrain the defendant from building a certain tenement house. The premises are part of a piece of land 72 feet on Sumner avenue and 175 feet on Willoughby avenue, in the borough of Brooklyn, conveyed in 1858 to one Longhi, and at that time made subject to the following covenant: "And the said party of the second part by accepting this deed hereby covenants and agrees for himself, his heirs and assigns that no store or grocery shall be erected or kept on said premises, nor any workshop, manufactory or stable, nor any erection or building that is usually deemed a nuisance or that shall be offensive in a neighborhood occupied for residences, and that only dwelling houses shall be built upon said premises (except that neat greenhouses or graperies may be built thereon), and further, that no dwelling houses shall be erected thereon to cost less than twenty-five hundred dollars, and that any house or erection that shall be placed upon said premises shall be set or placed back at least twenty feet from the line of the street on which the same shall be placed, and so as to leave a yard of at least twenty feet between any such house or erection and either and each of said avenues."

The plaintiff acquired this land in 1901, and conveyed a part of it to the defendant in 1902, "subject to the covenants and restrictions contained in former deeds." The defendant is now seized of a lot of land at the northeast intersection of Sumner and Willoughby avenues in the borough of Brooklyn, one hundred feet on Sumner avenue and thirty-four feet on Willoughby avenue; and the plaintiff now seeks to enjoin him from the building of a tenement house thirty-four feet wide on Willoughby avenue and ninety feet deep on Sumner avenue, four stories high, designed to receive eight families, and located on the building lines of the respective streets, or any other fabric which shall not strictly conform in character and relative location to the terms of the covenant.

This is a covenant in negative terms, and the sole violation charged is of the clause "only dwelling houses shall be built upon

said premises (except that neat greenhouses or graperies may be built thereon) * * * and that any house or erection that shall be placed upon said premises shall be set or placed back at least twenty feet from the line of the street on which the same shall be placed, and so as to leave a yard of at least twenty feet between any such house or erection and either and each of said avenues." The question is further narrowed by the decision of this court in *Hurley* v. *Brown* (44 App. Div. 480), where, following our decision in *Sonn* v. *Heilberg* (38 id. 515), we said, per CULLEN, J.: " In no event would the erection of a flat or tenement house be a violation of the covenant against erecting anything but dwelling houses." So that the precise question is whether a court of equity should enforce the covenant so as to restrain the defendant from the erection of any dwelling house which is not set or placed back at least twenty feet from the line of the street on which the same shall be placed, and so as to leave a yard of at least twenty feet between any such house or erection and either and each of said avenues. The legal question is whether the equitable principles defined in *Trustees of Columbia College* v. *Thacher* (87 N. Y. 311) and kindred cases should be applied to this case. In that case, DANFORTH, J., writing for the court, said : " There is, no doubt, difficulty in embodying these principles in any general rule applicable alike to all cases, but in any given instance a court can more easily determine whether it should interfere, or leave the plaintiff to his remedy at law." These principles are but in furtherance of the axiomatic principle that equity will not do inequity. If in fact the character and condition of the property to which the contract is attached have been so altered that the terms and restrictions of it are no longer applicable to the existing state of things — in such cases, says Judge Story (2 Eq. Juris. [13th ed.] § 750), courts of equity will not grant relief, but will leave the parties to their remedy at law. PLUMER, M. R., whose opinion was requested by ELDON, C., in the leading case of *Duke of Bedford* v. *Trustees of British Museum* (2 Mylne & K. 552), said: " The question then is, whether a court of equity is bound to assist a party to that which neither party contemplated, and whether it would not be inequitable, unreasonable and unjust to enforce the covenants specifically in the existing state of the property." And the specific

question, it appears, is, in the language of JAMES, L. J., whether "either by permission or acquiescence, or by a long chain of things, the property has been either entirely or so substantially changed as that the whole character of the place or neighbourhood has been altered" (*German* v. *Chapman*, 7 Ch. Div. 271, 279), or whether "there has been such an entire change in the character of the neighborhood of the premises as to defeat the object and purpose of the agreement?" so that "it would be inequitable to deprive the defendant of the privilege of conforming his property to that character so that he could use it to his greater advantage and in no respect to the detriment of the plaintiff." (*Trustees of Columbia College* v. *Thacher*, *supra*.) In view of the last clause quoted I may note now that this case does not present the question of any detriment to the plaintiff, so that there is no occasion to consider whether any limitation of the general principle, as, *e. g.*, was announced in *Landell* v. *Hamilton* (175 Penn. St. 327), should apply.

The purpose of that part of the covenant that is pertinent is clear enough. The dwelling houses were to be semi-detached with twenty feet of yard space between them and the adjoining streets. Such requirement was entirely proper for suburban quarters, and might well now be enforced if a departure from it would result in the erection of houses on lines out of harmony with the general character of the neighborhood. But if, on the other hand, an enforcement would make a departure, with reference to the building lines, from the general location of the surrounding buildings erected since the covenant of 1858, and if it would deprive the owner of an opportunity to improve his land as the adjacent lands have been improved, then a court of equity will not interfere. The following facts are established: The said avenues are public streets. In 1880 two surface car tracks were laid on Sumner avenue by these premises, whereon cars were drawn by horses until 1893, and ever since 1893 and at the present time by an overhead trolley system. In 1873 an asylum for female orphans acquired the block of land bounded on the south by Willoughby avenue and on the west by Sumner avenue, and thereafter put up buildings thereon which it now occupies as a home for orphans. And on the Sumner avenue side it has built a stone and brick fence fifteen feet high extending the entire block. On the northeast corner of Vernon avenue,

which is the next street to the north, parallel with Willoughby and at right angles with Sumner avenue, there has stood since 1873 the Ferdinand Muench brewery. Hart street is the next street to the south that is parallel with Willoughby avenue. Subsequent to 1858 a number of flat houses were built on the westerly side of Sumner avenue from Willoughby avenue to Hart street, three stories in height, each house occupying the entire front of the lots and bounded upon the front lines thereof. The building on the southwest corner of Willoughby and Sumner avenues contains shops, and within the last few years, adjoining the said corner premises on the southerly side of Willoughby avenue, there have been erected four tenement houses similar to that now planned by the defendant, of which the front walls stand on the line of Willoughby avenue. While in face of the covenant the burden is upon the defendant, it is significant that the plaintiff, in answer to the defendant's evidence, has not adduced any facts which show, or tend to show, that the neighborhood is of a character which would make a semi-detached residence in harmony with its surroundings, or that the building of a house upon the street lines would be a departure from the general character in respect to location. On the other hand, the only facts in evidence tend strongly to show that the district which, in 1858, was probably expected to develop only as the site of semi-detached villas and residences, with grounds about them, has in the quarter of a century developed in a fashion radically different, and that the land has been built upon so far as the street lines permit. As I think that the facts are sufficient to show, in the language of DANFORTH, J., in *Trustees of Columbia College* v. *Thacher (supra)*, " such change in the condition of the adjacent property  *  *  * as leaves no ground for equitable interference," I am of opinion that judgment should be rendered for the defendant, but in accord with the terms of the submission, without costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment for the defendant upon the submission, without costs.