HARRIET S. A. CLARK, Respondent, *v.* ALBERT F. JAMMES and MARIE F. JAMMES, Appellants.

*Restrictive covenants as to realty — dressmaking establishment — injunction.*

Restrictive covenants relative to the use of buildings are to be construed most strictly against the covenant, and unless the thing sought to be enjoined is plainly within its provisions an injunction will not issue in enforcement thereof.

The use of premises for a dressmaking establishment is not prohibited by the terms of a covenant that the owners of the fee will not "at any time hereafter erect on any of the lots or lot owned by them respectively any building except brick or stone dwelling houses of at least two stories in height, and except buildings of brick or stone for private stables."

The requirement of the covenant is fulfilled by the character of the building, and any occupation of the building consistent with its use as a private dwelling house does not violate such a restriction. This is especially so where it appears that the covenant in question subsequently enumerates in terms a variety of objectionable uses, not including a dressmaking establishment, in the nature of nuisances which it expressly forbids.

APPEAL by the defendants, Albert F. Jammes and Marie F. Jammes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of April, 1895, as resettled by an order entered in said clerk's office on the 24th day of April, 1895, enjoining their use of certain premises as a store, their display of any merchandise in its windows, or of any lettering indicating the maintenance of a place for the sale of merchandise.

*James R. Ely* and *Roger Foster*, for the appellants.

*T. G. Shearman*, for the respondent.

VAN BRUNT, P. J. :

We think that the difficulty in the maintenance of the order appealed from is in the covenant contained in the agreement which forms the basis of the injunction. It seems to be assumed that this restrictive covenant prevents the occupation of any building which may be erected upon the premises therein described for any use except that of dwelling houses or private stables. In the construction of restrictive covenants of this kind it must be borne in mind that they are to be construed most strictly against the covenant; and unless the thing enjoined is most plainly within the provisions of the covenant an injunction will not issue.

That part of the covenant which applies to the case at bar is that the owners of the lands therein mentioned shall not or will not, " at any time hereafter erect on any of the lots or lot owned by them respectively any building except brick or stone dwelling houses of at least two stories in height, and except buildings of brick or stone for private stables."

It is conceded that the house erected upon these premises was erected as a private dwelling house, and has all the exterior appearances of such a building. But it is urged in support of the injunction that, under such a restriction as was contained in the covenant in question, it could not be used for a dressmaking establishment or for any commercial purpose. We cannot find in the terms of the covenant any such restriction. The requirement of the covenant is fulfilled by the character of the building, and any occupation which may leave the building of the general character of a private dwelling house does not seem to violate this restriction. This view is accentuated when we consider the balance of the covenant. It reads as follows : " And further, that neither he nor they shall or will, at any time hereafter, erect or *permit* upon such lots, or any part of the same, any livery stable, slaughter house, smith shop, forge, furnace, steam engine, brass foundry, nail or other iron factory, or any other manufactory of gunpowder, glue, vitriol, ink or turpentine or tanning, dressing or preparing of skins, hides or leather, or any brewery, distillery, museum, theater, circus, place for the exhibition of wild animals or any other erections known as nuisances in the law."

It will be seen that the parties evidently contemplated that the

first part of the covenant to which attention has been called did not restrict the use to which the premises were to be put. It only designated the character of the building which was to be erected upon the premises, and they thought it necessary, in order to exclude its occupation for purposes which were considered detrimental to the neighborhood, to put in a provision prohibiting the permission upon said lots or any part of the same of such occupation. A consideration of the whole of the restrictive covenant, therefore, seems to lead inevitably to the conclusion that in its construction it is necessary to hold that the occupation of a portion of a house erected for a dwelling house for any purpose not within the prohibition contained in the last clause of the covenant does not come within its restrictions. We think, therefore, that the court erred in issuing the injunction, and that the motion should have been denied.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

O'BRIEN and PARKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.