89   175
6ap125

BESSIE MOORE, Appellant, *v.* JOHN H. MURPHY and HANNAH J. MURPHY, Respondents.

*Covenant in a deed restricting the use of real property — it cannot be enforced by one who has acquiesced in its violation.*

In an action brought to restrain the erection of a dwelling house which it was alleged the defendants were constructing in violation of a covenant contained in their deed, it appeared that the title of both parties came from a common source; that the deeds conveying the property of both the plaintiff and the defendants contained a covenant that "neither the parties of the second part nor their heirs or assigns, shall or will at any time hereafter * * * erect any dwelling, or other building, within thirty feet of a front line;" that five houses

in all had been built upon the restricted property ; that all the piazzas and all of the steps of the said houses were built within the thirty-foot line of the lots, and that three of the houses had bay windows which were within said line.

The plaintiff's house was the first one erected. The front wall was placed twenty-nine feet seven inches from the front line of the lot, and the piazza and steps were wholly within the thirty-foot line. The front wall of defendants' house was thirty feet from the front line of the lot, but there was a bay window which projected three and one-half feet within the thirty-foot line.

*Held*, that the plaintiff was precluded from enforcing the covenant against the defendants ; that she must either be deemed to have acquiesced in the construction of the covenant that it applied only to the front wall of the main building, and did not restrict the construction of piazzas and bay windows within the thirty-foot space, or else to have acquiesced in repeated violations of the covenant, and in consequence thereof she was not entitled to enjoin a person who had acted upon the assumption that the restrictions were no longer to be observed.

A person who seeks to enforce such a covenant must suffer no such breach thereof as would frustrate all the benefits that would otherwise accrue to the other parties to the agreement.

APPEAL by the plaintiff, Bessie Moore, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 23d day of March, 1895, upon the decision of the court, rendered after a trial at the Westchester Special Term, dismissing the complaint upon the merits.

*Roger M. Sherman*, for the appellant.

*Frederick P. Forster*, for the respondents.

BROWN, P. J. :

This action was brought to restrain the erection of a dwelling house which, it was alleged, defendant John H. Murphy was constructing in violation of a covenant contained in his deed.

The common source of title of both parties is J. Henry Hentz, who, in September, 1888, conveyed a tract of land, including the property in question, to the defendant John H. Murphy, and to Richard M. Winfield and Edward J. Lucas. The deed from Hentz contained a covenant that " neither the parties of the second part, nor their heirs or assigns, shall or will, at any time hereafter, * * * erect any dwelling or other building within thirty feet of a front line."

Thereafter Winfield and Lucas, by quit-claim deed, conveyed the property to Murphy, who, on December 5, 1890, conveyed to plain-

tiff lots described on a map of said tract as Nos. 86 and 87, and said deed contained a covenant on the part of the plaintiff similar to that contained in the Hentz deed.

The map referred to in plaintiff's deed was made after the deed from Hentz, and it designated thereon Summit avenue as a street.

Summit avenue was subsequently opened, and plaintiff's and defendants' lots fronted thereon. ' The plaintiff's was the first house erected on the street; the front wall of her house was placed twenty-nine feet seven inches from the front line of the lot, and the piazza and steps were wholly within the thirty-foot line. The front wall of the defendants' house is thirty feet from the front line of the lot, but there is a bay window which projects three and one-half feet within the thirty-foot line, and the piazzas and steps project further from the house than the piazza and steps on plaintiff's house.

Four other houses have been built on the same side of Summit avenue as the plaintiff's house, all upon the lots included within the property conveyed by the Hentz deed, and it was conceded by the plaintiff that all of the piazzas and all of the steps on the said houses were built within the thirty-foot line of the lots.

It is the claim of the appellant that the construction of the bay window on defendants' house was a violation of the covenant contained in the Hentz deed.

If the decision of this appeal depended upon the determination of the question whether the bay window was a part of the building, and, therefore, within the restriction of the deed, I should be inclined to answer it in the affirmative. But the case does not call for a decision of that question.

The parties have given a practical construction to the covenant in the erection of their several dwellings. All piazzas and steps have been placed within the thirty-foot line, and, as I understand the testimony, at least three houses, besides the defendants', have bay windows which are within said line. While that fact is not expressly stated by any witness, it appears to have been assumed throughout the trial. It is so alleged in the answer as to the houses of Low, Lucas and Mulle, and the distance from the front line of the lot stated as to each.

The defendant Murphy testified as follows: "I have measured the bay windows of the various houses on that block. They are:

all built within the thirty front feet of the lots in every instance. * * * You can sit in the bay window of Mr. Low's house and see the front windows of the plaintiff's house." On cross-examination he was asked by the plaintiff's counsel to state how many feet and inches the bay windows of Low's and Lucas' houses extended into the thirty-foot space.

The witness Edwin J. Lucas testified: "The piazza of every house on that block to a certain extent interferes with the view of the other houses. * * * The same thing applies to each and every bay window to a certain extent." To the same effect is the testimony of the witness Tier.

The plaintiff introduced no evidence to show that there were not bay windows on the other houses on the block, or that they were not constructed within the thirty-foot space, and the testimony I have quoted stands uncontradicted.

These facts, we think, preclude the plaintiff from enforcing the covenant against the defendants. She must either be deemed to have acquiesced in the construction of the covenant, that it applied only to the front wall of the main building, and did not restrict the construction of piazzas and bay windows within the thirty-foot space, or else, having acquiesced in repeated violations of the covenant, she is not now entitled to enjoin a person who acts upon the assumption that the restrictions are no longer to be observed. The rule is well settled that a person who seeks to enforce a covenant of this character must suffer no such breach of the stipulation as will frustrate all the benefit that would otherwise accrue to the other parties to the agreement.

It is unnecessary to consider the other questions discussed by the counsel, as, for the reasons above stated, we are of the opinion that the judgment must be affirmed.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.