(19 Misc. Rep. 227.)

## LEVY v. SCHREYER.

(Supreme Court, Special Term, New York County. January, 1897.)

1. COVENANTS—BUILDING RESTRICTIONS—TENEMENT HOUSES.

    A house to be occupied by two families, living separately and independently in different stories, the first floor being occupied by the family of the owner's son, and the two remaining floors by the owner himself and his widowed daughter's family, would not constitute a "tenement house," nor be other than a "private dwelling," within the meaning of a covenant in a deed inhibiting the erection or carrying on upon the premises of any "tenement house," or any "houses except private dwellings."

2. SAME—DISTANCE OF BUILDING FROM STREET—BAY WINDOWS.

    Where a restrictive covenant, by deed, stipulated that "the front walls" of any buildings erected "shall set back at least 10 feet from the front line of the lot," held, that a bay window extending from the foundation to the roof of a building would constitute the front wall thereof, and, if substantially encroaching upon the space stipulated to be left open, would constitute a breach of the covenant.

(Syllabus by the Court.)

Action by Ephraim B. Levy against John Schreyer for an injunction. Judgment for plaintiff.

Seward Baker, for plaintiff.

Alexander Thain, for defendant.

PRYOR, J. The action is to enjoin the violation of restrictive covenants in a conveyance, and the controversy only as to the sense and scope of the restrictions. The defendant engaged not to erect or carry on upon the premises any "tenement house," or any "houses except private dwellings," and of these "the front walls * * * shall set back at least ten feet from the front line of the lot." It appears, by concession or uncontroverted proof, that the house of which the construction is sought to be restrained is to be occupied by two families, living separately and independently in different stories; that the first floor is to be occupied by the family of the owner's son, and the two remaining floors by the owner himself and his widowed daughter's family. The object of the restrictions, as avowed in the deed, is to proscribe whatever "may render the neighborhood unfit for private residences." In the construction of restrictive covenants of this kind, they are to be taken most strongly against the covenantee, and, unless the thing prohibited be plainly within the provisions of the covenant, an injunction will not issue. Van Brunt, P. J., in Clark v. Jammes, 87 Hun, 215, 216, 33 N. Y. Supp. 1020. The burden is on the plaintiff to establish that the defendant's house is within the meaning of the covenants, and, as they restrain what would otherwise be a lawful use of his property, their breach must be shown clearly and satisfactorily. Van Vorst, J., in Musgrave v. Sherwood, 23 Hun, 678, note.

Is defendant's building a "tenement house"? The question is to be solved, not by the definitions of real-estate brokers, but by the true interpretation of the terms of the covenant. Rowland v. Miller, 139 N. Y. 93, 103, 34 N. E. 765; O'Brien, J., in Boyd v. Kerwin, 15 N. Y. Supp. 721–723. That the defendant's dwelling, as con-

structed and to be occupied,—namely, by himself, his children and grandchildren, grouped into two families,—is a tenement house, in the sense and spirit of the covenant, is a position without support either in law or reason. Andrews, J., in Myers v. Sterne, 15 N. Y. Supp. 724, note; O'Brien, J., in Boyd v. Kerwin, 15 N. Y. Supp. 722; Van Vorst, J., in Musgrave v. Sherwood, 23 Hun, 678, 679, note. The external appearance of the building being that of a private dwelling, and its inmates exclusively of the owner's family, it involves none of the evil incidents that make a tenement house an obnoxious neighbor. "The clause in the agreement must have a reasonable construction. We cannot suppose that the parties had in mind any business which might be offensive to a person of a supersensitive organization, or to one of a peculiarly abnormal temperament, or to the small class of persons who are generally annoyed by sights and sounds not offensive to other people. They undoubtedly had in mind ordinary, normal people, and meant to prohibit trades and business which would be offensive to people generally, and would render the neighborhood, to such people, undesirable as a place of residence." Earl, J., in Rowland v. Miller, 139 N. Y. 93, 102, 34 N. E. 765. Neither is defendant's house other than a ".private dwelling." It is a dwelling only, and it is private, because not open to the public, nor affected with any public use. Its inmates, I repeat, are exclusively of the proprietor's own family, and it is not apparent but that they occupy it gratuitously. That the house is a private dwelling is, to my mind, a self-evident proposition, not to be gainsaid or made clearer by argument. "The requirement of the covenant is fulfilled by the character of the building, and any occupation which may leave the building of the general character of a private dwelling house does not seem to violate the covenant." Van Brunt, P. J., in Clark v. Jammes, 87 Hun, 215, 216, 33 N. Y. Supp. 1020. I conclude, therefore, that here is no breach of the covenant against tenements and houses other than private dwellings.

The defendant further covenants that "the front wall" of his house shall "set back at least ten feet from the front line of the lot." A bay window, extending from the foundation to the roof of the building, projects to within eight feet eight inches of the front line of the lot. Within the spirit and policy of the covenant, if not, indeed, in the literal sense, the wall of this bay window is the front wall of the house. It is an integral part of the building, as constructed, it encroaches substantially upon the space stipulated to be left open, and it partially intercepts a view of that prospect which the covenant is intended to secure. In Sanborn v. Rice, 21 Am. St. Rep. 494, the bay window did not, as here, rest upon the ground, but extended out from the house at a distance of four feet above the ground, and from that point to the top of the building; and yet the supreme judicial court of Massachusetts enjoined it as a violation of the covenant, saying, per Soule, J., "The addition is, in substance and effect, a removal of the front line of the house three feet and three inches nearer to the street than the deed

permits." 129 Mass. 387, 397. Similarly, in Moore v. Murphy, 89 Hun, 175, 177, 34 N. Y. Supp. 1130, Brown, P. J., said, "If the decision of the appeal depended upon the determination of the question whether the bay window was a part of the building, and therefore within the restriction of the deed, I should be inclined to answer it in the affirmative." Upon reason and authority, this bay window constitutes a breach of defendant's covenant.

Judgment for plaintiff, with costs. Submit decision in conformity with opinion.