SONN et al. v. HEILBERG.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)·

DEED—CONSTRUCTION—BUILDING RESTRICTIONS.

> A covenant in a deed to erect only a building adapted for a family residence, and not to permit the carrying on of certain classes of business, nor to erect buildings therefor, is not broken by the erection of an apartment house for the residence of families, since the intention merely was not to devote the lands to business, but to residence, purposes.
>
> Bartlett and Woodward, JJ., dissenting.

Appeal from special term, New York county.

Action by Hyman Sonn and another against Herman Heilberg. There was a judgment for defendant, and plaintiffs appeal. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Morris H. Hayman, for appellants.

Milton Mayer (Albert Erdman, on the brief), for respondent.

HATCH, J. By this action the defendant is sought to be restrained in the erection of a six-story apartment house, for the residence of families, upon Seventy-Eighth street, between Amsterdam avenue and the Boulevard, in the borough of Manhattan. The lots upon which it is proposed to erect the structure are subject to a restrictive covenant, which in terms is as follows:

"Not to erect any building or buildings on the land owned by us, or either of us, aforesaid, and as above particularly described, other than of stone or brick, and of not less than three stories in height, and the same to be in every way adapted for use as a family residence, the fronts of houses hereafter built on the south side of said block, being the block on Seventy-Eighth street between the Tenth avenue and the Boulevard. in said city of New York, not to extend beyond the front of the houses now erected on said side of said block,—excepting, however, that the houses on the lots next to property fronting either on the Boulevard.or on Tenth avenue may extend so far as to conform to the line of the property built on said Boulevard at Tenth avenue; and, further, not to erect, or permit to be erected or established, upon any of the said property, or part thereof, any slaughter house, smith shop, forge, furnace, steam engine, brass foundry, nail or other iron foundry, livery stable, saloon, coal yard, or any manufacturing of gunpowder, glue, varnish, vitriol, ink, or turpentine, or for the tanning, dressing, or preparing skins, hides, or leather, or any brewery, distillery, or any other noxious or dangerous trade or business."

The particular language which it is claimed the proposed erection will violate exists in the clause, "Not to erect any building * * * less than three stories in height, and the same to be in every way adapted for use as a family residence"; the claim being that the apartment house is not a "family residence." In all other respects no infringement of the covenant is claimed. The court decided the case upon.the pleadings and certain admitted facts having relation to a change in the character of the structures and the business carried on in the immediate neighborhood. It is the general rule of construction, in respect of restrictive covenants, that they shall be strictly construed against the grantor. Duryea v. Mayor, etc., 62 N. Y. 592; Blackman v. Striker, 142 N. Y. 555, 37 N. E. 484; Levy v. Schreyer, 19 Misc. Rep. 227, 43 N. Y. Supp. 199. That is, the covenant, being in derogation of the right of unrestricted use of the land for all lawful purposes, shall not be incumbered by any restrictive clause, unless the same be plainly within the intent of the parties as gathered from the language used in the covenant and surrounding circumstances. Clark v. Jammes, 87 Hun, 215, 33 N. Y. Supp. 1020. Construing this covenant in the light of these rules, we do not think that the proposed apartment house is in violation of it. It is evident that the parties who entered into the covenant sought to devote the land to residence purposes in contradistinction to business use, and for that purpose aptly described the designated use to which it was proposed to devote the land as a family residence; and, to make this meaning plain, the covenant was made to enumerate certain classes of business which might not be carried on upon the property, and for which erections of buildings would not be permitted. It seems clear, from this enumeration, that the object sought was to restrict the use to residence purposes. The use of the word "family," in no sound sense, qualifies the purpose to which the building should be put. It could scarcely be claimed that, if a single gentleman erected a house upon these premises, three stories in height, he could not be permitted to occupy it, although he had no "family," in the ordinary sense of that term. And so we conceive that he might let the apartments in the house to other single gentlemen, without its being supposed that he had violated the covenant restricting the use to a

"family residence." Or suppose that a "family," in literal sense, did in fact erect and occupy a house answering to the requirements of the covenant, would they be held to have violated the terms of the covenant if they let rooms in the house to other families or boarded them therein? We think not; and, if not, how does the existence of a structure for the use of several families contravene its provisions? The structure does not cease to be a family residence, although more than one family resides therein, and there is no limitation or restriction upon the use of the property save that it shall be used for the residence of a family, and that business shall not be carried on thereon. The proposed structure is in every way adapted to family use, and will be used by families as a residence; and, this being so, the proposed structure is in literal compliance with the covenant. If the parties had in mind the exclusion of a building for the use of more than one family, they should have so stated it in their covenant. Not having done so, the court should not be called upon to interpolate it.

We think the judgment below was right, and should be affirmed.

Judgment affirmed, with costs. All concur, except BARTLETT and WOODWARD, JJ., dissenting.