## PAGENSTECHER v. CARLSON.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. INJUNCTION (§ 62*)—BUILDING RESTRICTIONS—ENFORCEMENT.

Where a referee's deed in partition contained a covenant that the purchaser should not erect any building other than a private dwelling, and all the surrounding property was improved according to conveyances containing similar restrictions, that the neighborhood had changed from a residence to a business district did not preclude an adjoining property owner, having purchased on the faith of such restriction, from enforcing the covenant by injunction against another, who was proceeding to alter her building, erected subject to the same covenant, to be used for business purposes.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127; Dec. Dig. § 62.*]

2. COVENANTS (§ 103*)—RESTRICTIVE COVENANT—ALTERATION OF BUILDING.

Where defendant erected a brick dwelling house in conformity with a restrictive covenant in her deed, that the property should not be improved, except by private dwelling house, the alteration of the building, for the purpose of using the first floor for a tailoring establishment and the upper stories for dwellings, constituted a violation of the covenant.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. § 103.*]

3. COVENANTS (§ 84*)—RESTRICTIVE COVENANT—AGREEMENT OF PARTIES.

A decree for the sale of certain city lots in partition provided that the lots should be sold subject to a covenant restricting the improvement of the property to dwelling houses. This provision was objected to but no appeal was taken from the decree, and the purchasers bidding at the partition sale knew they took subject to the covenant, which was contained in the deed of each. · Held, in effect, an agreement between the purchasers to be mutually bound by such covenant, and that the same was enforceable, without reference to whether the court had jurisdiction to require the same in the first instance.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 90–92; Dec. Dig. § 84.*]

Appeal from Special Term, New York County.

Action by Helene Pagenstecher against Alma Carlson.   From an order denying complainant's motion for an injunction pendente lite, she appeals.   Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and CLARKE, JJ.

Julien T. Davies, for appellant.
John H. Emmerich, for respondent.

MILLER, J.   The plaintiff, who owns the premises, Nos. 48, 50, and 52 West Fortieth street, brings this action to enjoin the defendant, the owner of premises No. 38 West Fortieth street, from altering and reconstructing the building on her premises into a store or business structure, in alleged violation of a restrictive covenant contained in deeds of a referee in partition.   It appears that about half of the block on the south side of West Fortieth street, between Fifth and Sixth avenues, including the premises in question, was owned by one David Bank, who died in 1871.   One of his heirs brought

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a suit for partition, and, after a decree directing a sale in parcels, he applied to the court, upon notice to all parties, for an order instructing the referee to sell subject to restrictions. The order granting the motion recites that it was opposed by all of the defendants, including the guardian ad litem of an infant defendant. Pursuant to the said order and decree, the property was sold in lots, and the deed to each purchaser contained the following provision:

"And the said party of the second part (being the purchaser at the sale, or his assigns), for himself, his heirs and assigns, doth covenant and agree to and with the said party of the first part (being the referee), and his heirs and assigns, and to and with all persons now or hereafter deriving an interest in this covenant by or through the said party of the first part, or by or through his grantees or assignees, as follows, that is to say: That the party of the second part, his heirs or assigns, shall not at any time hereafter erect, or cause, or suffer, or permit to be erected, upon the hereby granted premises, or any part thereof, any building other than a brick or stone private dwelling house, not less than three stories in height."

Thereafter dwelling houses were erected by the various purchasers in conformity with said covenant. There has been no change in the character of the buildings on the said lots, except that the New York Club has since been erected on lots 18, 20, and 22. The defendant proposes to reconstruct the building on her lot, by removing the present front up to the second story sill, and by extending it forward to the building line of the street, and providing it with a new front of glass and iron; the rear of the building up to the second story to be extended to the property line. She proposes to use the first floor for a tailoring establishment and the upper stories for apartments.

[1] The learned justice at Special Term denied the motion, on the ground that the character of the neighborhood had so changed as to make it inequitable to grant injunctive relief. While it is quite true that the current of business has reached the restricted territory, that of itself does not afford ground for denying equitable relief; for, as was said by Danforth, J., in Trustees of Columbia College v. Thacher (87 N. Y. 311–319, 41 Am. Rep. 365), it is apparent that such encroachment was anticipated. It cannot be said that the encroachments of business have made the property undesirable for private residences. A fine public building and a park occupy the block on the north side of Fortieth street. The plaintiff says that she wishes to enjoy her property as a private residence. When she purchased it, she had a right to rely upon the assumption that the encroachment of business would be stopped at the line of the restricted territory; and, in our judgment, it is no answer to her claim for equitable relief that the property may be worth more for business purposes. The defendant bought, knowing or chargeable with knowledge of the restrictive covenant. It was expressly provided in the referee's deeds that the covenant of the second party should attach to and run with the land, and that it might "be proceeded on for an injunction and for specific execution thereof against the said party of the second part, his heirs and assigns."

In the case of McClure v. Leaycraft, 183 N. Y. 36, 75 N. E. 961, chiefly relied upon by the respondent, it was specifically found by the trial court that the change in the character of the neighborhood had

made the property affected by the restrictive covenant undesirable for the erection of private dwellings, and upon that finding the Court of Appeals held that it would be inequitable and unjust to grant injunctive relief. That case was decided upon the authority of Trustees of Columbia College v. Thacher, supra, which, as already pointed out, distinctly recognized the principle that pecuniary considerations alone, or the mere encroachment of business up to the restricted territory, did not justify the denial of equitable relief. That principle was again recognized in Rowland v. Miller, 139 N. Y. 93, 34 N. E. 765, 22 L. R. A. 182, and recently by this court in this department in Goodhue v. Cameron, 142 App. Div. 470, 127 N. Y. Supp. 120. If the further encroachment of business on the block be prevented, the plaintiff's premises may remain desirable for residence purposes, and it cannot be said, therefore, that the enforcement of the covenant will harm the defendant, without conferring any substantial benefit on the plaintiff.

[2] But it is urged that the proposed alteration does not violate the covenant, and for that proposition Clark v. Jammes, 87 Hun, 215, 33 N. Y. Supp. 1020, is cited. An examination of the record in that case discloses that the only change in the exterior appearance of the building was made by changing the two windows on the first or parlor floor into one window, and by cutting a door in the middle of the front basement, and by putting windows on either side thereof. That case was decided on the point that the covenant did not restrict the use to which the premises could be put, and we may assume in this case that the covenant only referred to the character of the building to be erected. It was not satisfied, however, by the erection of a brick or stone private dwelling, not less than three stories in height. The language of the covenant is:

"The party of the second part, his heirs or assigns, shall not at any time hereafter erect, cause, or suffer, or permit to be erected," etc.

The alteration of a private dwelling house into a business building would violate the covenant as plainly as the erection of a business building in the first instance would violate it. The putting in of the store front radically changes the character of the building, and deprives it of its character as a private dwelling house.

[3] It is next urged by the respondent that the restrictive covenant is not enforceable, for the reason that the court in the partition suit had no power to require the premises to be sold subject thereto, and for that proposition Lewis v. Ely, 100 App. Div. 252, 92 N. Y. Supp. 705, is cited. That case, however, was decided without passing upon the point. The court in the partition suit had jurisdiction of the parties and of the subject-matter. It decreed that a sale should be made in parcels, and that the referee's deeds should contain the said covenant. It was stated in the petition of the plaintiff that, if thus sold, the premises would bring a much larger price, and doubtless that was the result. While the order recites that the defendants objected, none of them appealed. The purchasers, therefore, bid, knowing that each would take subject to said covenant, and the effect of the transaction was that they agreed as among themselves to be mutually bound by it.

The consideration, therefore, was the mutual covenant of each, and it is quite unnecessary now to decide whether this court would approve of such a provision in a decree in partition, if the point were raised on an appeal by one of the parties to the suit. While we have found no case in this state directly in point, it was held in Rosenkrans v. Snover, 19 N. J. Eq. 420, 97 Am. Dec. 668, that commissioners of partition had the power to create easements in one parcel for the benefit of an adjoining parcel, and that case was cited with approval by Cullen, C. J., in Simmons v. Crisfield, 197 N. Y. 365–369, 90 N. E. 956.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.