WILLIAMS *v.* LAWSON.

DEEDS—BUILDING RESTRICTIONS—NOTICE—INJUNCTION—EQUITY.
Where there were no restrictions in any of the title deeds to the lot defendant purchased, on the north side of a street, and he had no notice that the residents on the south side were restricted or considered the street a restricted district, and he was assured, if he bought the lot, he would have a perfect right to put up an apartment house, equity will not enjoin the building of a brick two-story four-family apartment house.

Appeal from Wayne; Van Zile, J. Submitted June 25, 1915. (Docket No. 88.) Decided September 28, 1915.

Bill by George E. Williams and others against George A. Lawson and another for an injunction restraining defendants from erecting an apartment house in an alleged restricted residence district. From a decree for defendants, complainants appeal. Affirmed.

*Robert E. Barber* and *Edwin S. Bartlett,* for complainants.

*N. Calvin Bigelow,* for defendants.

The following cases were cited by complainant: *Schadt* v. *Brill,* 173 Mich. 647 (139 N. W. 878, 45 L. R. A. [N. S.] 726) ; *Allen* v. *City of Detroit,* 167 Mich. 464 (133 N. W. 317, 36 L. R. A. [N. S.] 890) ; *Tallmadge* v. *Bank,* 26 N. Y. 105; *Lewis* v. *Gollner,* 129 N. Y. 227 (29 N. E. 81, 26 Am. St. Rep. 516) ; *Watrous* v. *Allen,* 57 Mich. 362, 367 (24 N. W. 104, 58 Am. Rep. 363) ; *Stott* v. *Avery,* 156 Mich. 674 (121 N. W. 825) ; *Jenks* v. *Pawlowski,* 98 Mich. 110 (56 N. W. 1105, 22 L. R. A. 863, 39 Am. St. Rep. 522) ; *Tillotson* v. *Gregory,* 151 Mich. 128 (114 N. W. 1025) ; *Bagnall* v. *Young,* 151 Mich. 69 (114 N. W. 674) ; *Harris* v. *Roraback,* 137 Mich. 292 (100 N. W. 391, 109 Am. St. Rep. 681) ; *James* v. *Irvine,* 141 Mich. 376 (104 N. W. 631) ; *Misch* v. *Lehman,* 178 Mich. 225, 228 (144 N. W. 556) ; *Moore* v. *Curry,* 176 Mich. 456 (142 N. W. 839) ; *Frink* v. *Hughes,* 133 Mich. 63 (94 N. W. 601) ; *Silberman* v. *Uhrlaub,* 102 N. Y. Supp. 299 (116 App. Div. 869).

For defendant the following cases were cited: *James* v. *Irvine,* 141 Mich. 376 (104 N. W. 631) ; *Frink* v. *Hughes,* 133 Mich. 63 (94 N. W. 601) ; *Easterbrook* v. *Society,* 85 Conn. 289 (82 Atl. 561, 41 L. R. A. [N. S.] 615).

MOORE, J. Complainants in this bill, more than 30 in number, are residents and property holders on Grand avenue west in the village of Highland Park. This street runs from Woodward avenue west to Hamilton boulevard.

Defendant John Campbell is the owner of lot 8 in block 1 of Grand avenue subdivision, and defendant George A. Lawson is a contractor. Lot 8 is on the

north side of the street. The lots on the south side of the street have the following restriction:

"Dwelling houses erected on the south one-half of W. H. Davison's subdivision of park lot 2 in south part of quarter section 5 shall be at least two stories high and cost not less than $2,250 between Woodward and Second avenues, and not less than $2,000 between Second avenue and Hamilton boulevard, and shall be not less than 20 feet from the front line of said lots."

It is the claim of complainants that the street is a residential street, and the bill is filed to enjoin defendants from putting up a two-story, brick, four-family apartment house 20 feet from the front line of the street. After a full hearing of the case, it appearing there were no building restrictions in any of the deeds resulting in defendants' title, and no parol agreement to which the defendants were parties, the chancellor dismissed the bill of complaint. The case is brought here by appeal.

We quote from the brief of appellants:

"The contentions of complainants are:

"*First.* That restrictive covenants of record and in parol are binding upon the property of defendants and upon the defendants, and limit the use of the property to the restrictions claimed.

"*Second.* That a general plan has been maintained and recognized by all owners in the subdivision, and followed out, and that rights have accrued to complainants and all other owners of property in the subdivision, which the defendants may not disregard in the use of their property.

"*Third.* That defendants are bound by the provisions of a universally recognized plan, of which they had notice before purchase, and must be bound by that plan in the use of their property.

"*Fourth.* That the violation of such a plan, to the injury of complainants, would constitute a nuisance, and may be enjoined."

There is no dispute about what is shown by the record. None of the title deeds to the lot in question

show any restrictions. Defendants both testify that when they entered into a contract for the purchase of the lot they had no knowledge that it was claimed the street was a restricted one, and that they were assured, if they bought the lot, they would have a perfect right to put up an apartment house.

The solicitor for the complainants on the oral argument admitted that, if defendants were enjoined from their contemplated action, this court would have to go one step further than it has ever gone. He thought it would be justified in doing so by the case of *Tallmadge* v. *Bank,* 26 N. Y. 105. An examination of that case will show it is easily distinguishable from the instant case, in that the owner of the land had prepared a map of the street and lots. We quote:

"Davis made a map of the street between the Second and Third avenues, in which the street was shown as 76 feet wide, 8 feet being added on each side. He called the avenue, thus widened, 'St. Mark's Place.' This was before he sold or built on any of the lots. Soon thereafter, in conformity with this plan, Davis erected 16 dwelling houses on the south side of the street, and 13 on the north side. They were of a superior class, all upon one uniform line, 8 feet back from the original line of the street—the 8 feet being devoted to doorsteps and areas inclosed in iron fences. When Davis sold any of the houses or lots, he exhibited this plan to the purchasers, and represented to all who had purchased that the street was always to remain as laid out, and that, when he so formed and laid out the street and built thereon, he gave up and dedicated the strip of 8 feet of land on each lot to be used as a part of the Place in the manner it has since been used."

The court found defendant bought with notice of the plan and restrictions, and that the original purchasers had verbally agreed to and executed a plan for the improvement of the Place, and were bound to adhere to it, and the defendant, purchasing with notice, took subject to the same equity.

The subject of building restrictions has been before this court many times. A citation of the cases may be found in the briefs of the solicitors. Of all the cases decided by this court, the one most like the one now before us is the case of *James* v. *Irvine,* 141 Mich. 376 (104 N. W. 631), in which Justice GRANT, speaking for the court, said:

"Restrictions in deeds will be construed strictly against the grantors and those claiming to enforce them, and all doubts resolved in favor of the free use of the property. 11 Cyc. pp. 1077, 1078. The principle governing restrictions of this character is not in doubt. The question is ably discussed in *De Gray* v. *Club House Co.,* 50 N. J. Eq. 329 [24 Atl. 388]. The court, after a full discussion of the principle and the authorities, so clearly states the law (50 N. J. Eq. at page 340, 24 Atl. at page 392) that we quote it:

" 'The law, deducible from these principles and the authorities applicable to this case, is that where there is a general scheme or plan, adopted and made public by the owner of a tract, for the development and improvement of the property, by which it is divided into streets, avenues, and lots, and contemplating a restriction as to the uses to which buildings or lots may be put, to be secured by a covenant embodying the restriction to be inserted in each deed to a purchaser, and it appears, by writings or by the circumstances, that such covenants are intended for the benefit of all the lands, and that each purchaser is to be subject to and to have the benefit thereof, and the covenants are actually inserted in all deeds for lots sold in pursuance of the plan, one purchaser and his assigns may enforce the covenant against any other purchaser and his assigns, if he has bought with knowledge of the scheme, and the covenant has been part of the subject-matter of his purchase.'

"See, also, *Sharp* v. *Ropes,* 110 Mass. 381; *McMurtry* v. *Investment Co.,* 103 Ky. 308 [45 S. W. 96, 40 L. R. A. 489]; *Sonn* v. *Heilberg,* 38 App. Div. 515 [56 N. Y. Supp. 341]; *Summers* v. *Beeler,* 90 Md. 474 [45 Atl. 19] 48 L. R. A. 54 [78 Am. St. Rep. 446]."

There is nothing in the deeds or in the knowledge

possessed by the defendants that would justify the injunction desired.

The decree is affirmed, with costs.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.