JOHN N. TONNELLE, Plaintiff, *v.* HELEN AUGUSTA HAYES and ANNIE A. ROBERTS, Defendants.

Supreme Court, New York Special Term, March, 1922.

**Real property — when vocal studio does not violate restrictive covenant — injunction denied.**

A restrictive covenant against the erection of any building except brick or stone dwelling houses and against the erection or permission upon the property of any livery stable, slaughter house or other similar establishment or "any other erections known as nuisances in the law" is not violated by using a part of a residence as a "vocal studio" during daylight hours.

Such a use of the premises conducted in an orderly and proper manner does not constitute a nuisance *per se*, and a motion for an injunction *pendente lite* will be denied.

MOTION for injunction *pendente lite*.

*Carter, Ledyard & Milburn*, for plaintiff.

*MacFarlane & Monroe*, for defendant Helen A. Hayes.

*Clifford C. Roberts*, for defendant Annie A. Roberts.

BIJUR, J. This is a motion for a temporary injunction to restrain the continued use by defendant Hayes of part of her private dwelling for the purpose of a "vocal studio," namely, for the giving of lessons in singing to private pupils during daylight hours. This is claimed to be a violation of the Murray Hill restrictive covenant, which, so far as material, reads that the owners of lots will not "at any time hereafter erect on any of the lots owned by them respectively any building except brick or stone dwelling houses of at least two stories in height, and except buildings of brick or stone for private stables;" and further that they will not "hereafter, erect or *permit* upon any such lots * * * any livery stable, slaughter house" or other similar establishment or "any other erections known as nuisances in the law." The interpretation of this covenant in *Clark* v. *Jammes*, 87 Hun, 215, was that it "only designated the character of the building which was to be erected upon the premises, and they thought it necessary, in order to exclude its occupation for purposes which were considered detrimental to the neighborhood, to put in a provision prohibiting the permission upon said lots or any part of the same of such occupation * * * the occupation of a portion of a house

erected for a dwelling house for any purpose not within the prohibition contained in the last clause of the covenant does not come within its restrictions." This construction is referred to and reaffirmed in *Goodhue* v. *Cameron,* 142 App. Div. 470, 485. In the *Jammes* case it was held that the restriction was not violated by using part of a residence for a dressmaking business. I regard this as controlling the case at bar. Moreover, no structural changes are contemplated, thus clearly distinguishing *Pagenstecher* v. *Carlson,* 146 App. Div. 738, and *Irving* v. *Huntington* (not reported), 1911, before Hon. David Leventritt, Referee. It is true that in *Barnett* v. *Vaughan Institute,* 134 App. Div. 921, affg. the decision below on opinion of Thomas, J., reported in 119 N. Y. Supp. 45, and affd., 197 N. Y. 541, the significance of the mere words " private house " in a restrictive covenant is recognized as bearing upon the use of the building. Plaintiff insists that somewhat the same thought underlies *Kitching* v. *Brown,* 180 N. Y. 414. Those cases, however, were all decided before *Goodhue* v. *Cameron, supra,* and manifestly did not lead the Appellate Division to change its views as to the meaning of the covenant now under consideration. If, however, I felt free to assume, as seems to have been done in the *Irving* case, that the covenant ran also against the use of the premises complained of for purposes other than exclusively as a private dwelling, I feel I should still be controlled by the expression of opinion in the *Clark* case that " any occupation which may leave the building of the general character of a private dwelling house does not seem to violate this restriction." In the *Irving* case the complaint was in regard to the use of a stable which in the covenant is permitted if it be " a stable for private dwellings," and the use enjoined was as a " milk depot for mixing, bottling, storing and delivering a process milk." Although it may be said that only a difference of degree was involved, it was one so great as to be manifestly controlling. On the other hand, I am of opinion that the use of part of the premises here complained of as a vocal studio and the use in the *Clark* case for a dressmaking establishment are quite on a par, and that what was there said is applicable here, namely, that the proposed occupation leaves the building of the same " general character of a private dwelling house." In connection with this question of degree it is to be noted that in *Barnett* v. *Vaughan Institute, supra,* it was proposed to occupy the entire building complained of as a sanitarium for persons suffering from nervous diseases. A review of the authorities, therefore, convinces me that the use by defendant Hayes of part of her residence as a vocal studio does not violate the restrictive covenant. Plaintiff also urges that the proposed use would be a " nuisance," in which I

cannot agree. Some annoyance may possibly always be suffered by the presence of a neighbor in whose premises any kind of noise occurs. Ordinarily the sound of a singing voice would scarcely be not ceable in adjoining premises if separated by adequate independent walls. The contrary result in the instant case is due as much to the character of plaintiff's building as to the use by defendant of her residence, of which complaint is made. There is clearly a vast difference both in degree and kind between instruction of private pupils in singing and the manufacture of brass and woodwork, even though incidental to a course of instruction, which was involved in one of the leading cases cited by plaintiff. *Dallas v. Ladies' Decorative Art Club of Philadelphia*, 4 Penn. C. C. Rep. 340; affd., 13 Atl. Rep. 537, opinion (*sub nom. Ladies' Decorative Art Club's Appeal*) in 10 Sadler (Penn.), 150. I should not feel warranted in granting a preliminary injunction on so slender a foundation as that instruction in singing conducted in an orderly and proper manner in this great city teeming with multifarious activities is, *per se*, to be adjudicated a nusiance. Motion denied.

Ordered accordingly.