81 A.2d 129 (1951)
MONIGLE et al.
v.
DARLINGTON.
Court of Chancery of Delaware, New Castle.
May 25, 1951.
Albert L. Simon, of Wilmington, for plaintiffs.
H. Albert Young and Stephen E. Hamilton, Jr., of Young & Wood, of Wilmington, for defendants.
WOLCOTT, Chancellor.
The parties all reside in a development known as Latimer Estates. The suit seeks to enjoin the defendant from doing hairdressing and manicuring in the basement of her residence.
The defendant became the owner of the premises where she now resides by deed *130 dated October 11, 1950 which contains, inter alia, the following restrictive covenants:
"1. The land shall be used for residence purposes only and no building of any kind whatsoever shall be erected or maintained thereon except private single dwelling houses and private garages for the sole use of the respective owners or occupants of the plots upon which such are erected.

* * * * * *
"6. There shall not be erected, permitted, maintained or operated upon any of the land included in said deed any foundry, graveyard, hospital, sanitarium or institution of like or kindred nature, stable of any kind, cattle yard, hog pen, fowl yard or house, cesspool, privy vault or any form of privy, nor any plant or manufacturing establishment of any kind, nor billboard, nor any noxious, dangerous or offensive thing trade or business whatsoever, nor shall any public garage or gas filling station be maintained, nor live poultry, hogs, cattle or other live stock be kept thereon."
The external appearance of the defendant's home is unaltered from its appearance prior to the purchase by her except for the installation of a porch and a backyard light, and the placing of a 15-inch sign in one of the windows of the first floor with the name "Darlington" on it. No interior alterations have been made by the defendant on either the first or second floors of the house which she uses for purely residential purposes.
The defendant, prior to her establishment of residence in Latimer Estates, operated a beauty shop on Maryland Avenue in the City of Wilmington. A short time prior to the purchase by her of the Latimer Estates property, she sold her beauty shop in Wilmington and with the proceeds of that sale purchased her property in Latimer Estates. Just prior to the closing of her Wilmington establishment, the defendant let it be known to her customers that she planned to continue hairdressing and manicuring in a more limited fashion in the basement of her new home in Latimer Estates.
The defendant had certain internal structural additions or alterations made in the basement of her Latimer Estates home. Plumbing installations were made to install two washbasins and heavier electrical wiring installed to permit the use of hair dryers. Two booths were constructed in the basement each of which has one of the two washbasins.
The defendant has a State License to operate a beauty shop. She performs hairdressing and manicuring by appointment and makes such appointments every day of the week except Wednesday and Sunday, occasionally accepting evening appointments during the week.
The defendant employs no assistants in connection with the activities conducted in the basement of her home. She lives in her home with her two children and does all of her own housework. She has a small amount of independent income and derives additional gross income from hairdressing and manicuring of approximately $45.00 to $50.00 a week. She has not advertised since her removal to Latimer Estates. She does not display a sign indicating that she does hairdressing and manicuring.
Testimony of residents of Latimer Estates was offered on behalf of the plaintiffs seeking to show that the use to which the defendant put the basement of her home was in the nature of a nuisance. The testimony to this effect was contradicted with equal positiveness by other residents of Latimer Estates who testified for the defendant. In any event, I am satisfied that the evidence does not justify a conclusion that the activities of the defendant in the basement of her home constituted a nuisance to the other residents of Latimer Estates.
A fair analysis of the record before me indicates that the real motive behind the instant suit is the fear of the plaintiffs that the activities of the defendant will open the door to the establishment of business generally in Latimer Estates and the consequent devaluation of their properties. If the question of value were material, the testimony would probably force the conclusion that the value of the plaintiffs' properties was not adversely affected. However, the effect of the defendant's activities upon the value of the plaintiffs' properties seems to me to be immaterial to a decision of the *131 cause. The question to be determined is simply whether or not the activities of the defendant are violative of the restrictive covenants in her deed. The determination of this question requires a construction of the restrictive covenants.
In Gibson v. Main, 14 Del.Ch. 449, 129 A. 259, the Supreme Court laid down rules for the construction of restrictive covenants in a deed. From that case, it appears that restrictions in a deed are construed most strongly against the grantor and that when the meaning is doubtful, such doubt shall be resolved in favor of the grantee. The meaning of restrictive words is governed by the intention of the grantor to be ascertained from the words themselves, or from the particular words considered in the light of other words or provisions in the deed. Common and ordinary words used in restrictive covenants are given their ordinary meaning is that is possible. The principles of construction thus announced in Gibson v. Main, supra, were reaffirmed by this court in Daniels Gardens v. Hilyard, Del.Ch., 49 A.2d 721.
The plaintiffs rely entirely upon Restriction No. 1, contending that the phrase "the land shall be used for residential purposes only" precludes the defendant from engaging in any type of business activity on the premises. A number of decisions from other jurisdictions are cited in support of the contention that the requirement of use "for residential purposes only" by necessary implication excludes use for any business purpose whatsoever.
Defendant, however, points to Restriction No. 6, and argues that since it explicitly prohibits certain business uses of the premises, its effect is to limit the application of Restriction No. 1 merely to the type or character of the structures to be erected thereon.
In construing the restrictions, it is necessary, if possible, to give some meaning and effect to all the language. If the plaintiffs are correct in their contention, the result would be to make Restriction No. 6 largely useless because unnecessary. This result, however, must be avoided, if possible, since all words in the deed are to be given effect if that is reasonably possible. Cf. Tonnelle v. Hayes, 118 Misc. 339, 194 N. Y.S. 181. This requirement was recognized by the Vice Chancellor in Daniels Gardens v. Hilyard, supra, where a somewhat similar set of restrictions was before the court for construction.
Restriction No. 6 in the defendant's deed enumerates in detail prohibited uses of the premises. It must be accepted that the grantor intended Restriction No. 6 to have some effect. However, if the plaintiffs' position that Restriction No. 1 prohibits all business uses is accepted, Restriction No. 6 is superfluous in part since it prohibits as well as offensive non-business uses of the premises the use of the premises for certain enumerated business purposes. It therefore seems clear to me that, if Restriction No. 1 is to be regarded as a restriction on use of the premises in addition to a restriction on the type of structure that may be erected, then necessarily the restriction on use is limited by the enumerated prohibited uses found in Restriction No. 6. I conclude, therefore, that the activities of the defendant upon her premises complained of may be enjoined only if they fall within the purview of the prohibitions contained in Restriction No. 6 of the deed.
Any conclusion other than the one stated above ignores the requirement that Restriction No. 6 be given effect in the construction of the deed. To hold otherwise would be to defeat the grantor's intention expressed in that restriction. To adopt the broad meaning of Restriction No. 1 contended for by the plaintiffs would be not only to read into it a meaning not expressly stated, but would be to enlarge upon the expressed intention of the grantor found in the sixth restriction.
The cases cited by plaintiffs in support of their argument are cases involving deeds which contained restrictions similar to Restriction No. 1 in the defendant's deed, but did not contain restrictions similar to Restriction No. 6. This being so, the cases are not in point. Cf. Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127, on which plaintiffs rely primarily.
*132 Restriction No. 6 prohibits the carrying on of a trade or business only if such trade or business is "noxious, dangerous or offensive". No other character of trade or business is prohibited. It is clear that grammatically the adjectives "noxious, dangerous or offensive" modify the nouns "trade or business". The activities of the defendant in the basement of her home do not fall within this classification and hence are not violative of the restrictions.
For the reasons above stated the injunction is denied.
Judgment accordingly.