144 A.2d 409 (1958)
Roy J. LAUX and Mary Lu Laux, his wife, Chester E. Smith, Jr., and Ruth W. Smith, his wife, Thomas R. Treadwell and Marcella V. Treadwell, his wife, Carroll C. Woodrow and Janet S. Woodrow, his wife, Edward R. Read and Helen E. Read, his wife, Jackson L. Hayman and Marjorie C. Hayman, his wife, Edward B. Williams and Emma D. Williams, his wife, Russell B. Vaughn and Marie B. Vaughn, his wife, Edward L. Kochuba and Eleanor S. Kochuba, his wife, Robert T. Clunan and W. Jean Clunan, his wife, John S. Engle and Frances C. Engle, his wife, Nickolas N. Bunitsky and Dora Evelyn Bunitsky, his wife, Robert C. Fuhrmeister and Dorothy C. Fuhrmeister, his wife, Thomas W. Mulvey and Ann S. Mulvey, his wife, Plaintiffs,
v.
Charles PHILLIPS and Ethel Phillips, his wife, Defendants.
Court of Chancery of Delaware, New Castle.
August 19, 1958.
*410 Robert V. Huber, Wilmington, for plaintiffs.
John P. Daley, Wilmington, for defendants.
SEITZ, Chancellor.
All plaintiffs own residential properties in a development known as McDaniel Crest. The defendants, husband and wife, also own a residential property therein. Admittedly the properties owned by the parties are subject to certain deed restrictions which were imposed about 1953.
Plaintiffs brought this action to enjoin defendants from operating a beauty shop, inter alia, in their residential property in violation of governing restrictions.
While defendants have raised several defenses, the parties have stipulated that the Court should first determine the following separate issue:
"Must Defendants' operation of the beauty shop described in the Complaint constitute a `noxious, dangerous or offensive thing, trade or business permitted on said property' in order to violate Restriction No. 7 set out in Paragraph 22 of the Complaint"
Restriction No. 7 reads as follows:
"7. There shall not be erected, permitted, maintained, or operated upon any of the land included in said tract any building or structure used for the purpose of carrying on any business, trade or calling; [First Clause] nor shall any noxious, dangerous or offensive thing, trade or business whatsoever be permitted or maintained on said property; [Second Clause] nor shall there be erected, permitted, maintained or operated upon any of the land included in said tract any graveyard, hospital, sanitarium, or institution of like or kindred nature, stable of any kind, cattle yard, hog pen, nor shall any plant or manufacturing establishment of any kind, nor billboard, nor hogs, cattle, or other livestock be kept thereon." [Third Clause].
For purposes of determining the above issue, it was also agreed that the beauty shop in question should be classified as a "business, trade or calling"; that the defendants' residence is the sole residence of defendants and their three minor children; and that the residence is a two-story house having the structural characteristics of a dwelling house and is in keeping with the architecture of the surrounding neighborhood.
Basically, plaintiffs say that the first clause of restriction 7 clearly prohibits defendants from using their residence property for a beauty shop. On the other hand, defendants argue that the first clause only makes sense when read as though the word "primary" appeared before the word "purpose". Where, say defendants, the use is "incidental", it is not covered by the first clause, but by the second clause which requires a showing that the use is noxious, dangerous or offensive.
It is not necessary to restate the various rules of construction applicable here. They appear in numerous Delaware cases cited in the brief, e. g., Gibson v. Main, 14 Del.Ch. 449, 129 A. 259; Monigle v. Darlington, 32 Del.Ch. 137, 81 A.2d 129. Such rules are aids in ascertaining the intent with which the restrictions were imposed.
Having such rules in mind, I believe that the first clause is a prohibition against the use as well as the erection, inter alia, of buildings or structures for the purpose of carrying on any business, trade or calling. I emphasize that the first clause deals only with the use of buildings or structures. In contrast, the second clause does not mention buildings or structures. Thus, it can fairly apply to the non-structural use of the land.
If it is possible to find a construction of the clauses which will give *411 reasonable effect to both, that should be done. I believe my construction of the two clauses ascribes a reasonable intention to the creator of the restrictions. At the same time it renders it unnecessary to consider defendants' suggestion that the first clause should have a word inserted in order to make sense. Such an approach would be rather extreme.
It is interesting to note that except for the first clause, restriction 7 is basically the same as the restriction involved in Monigle v. Darlington, above. The Chancellor there held that under the restrictions involved there was no unqualified restriction on use. In other words, a showing that the use was noxious, dangerous or offensive had to be made. That case was decided in 1951 and the present restrictions were imposed in 1953. I conclude that the presence of the first clause is significant either when viewed alone or in conjunction with the Darlington case.
I conclude that the first clause of restriction 7 does prohibit the use of defendants' residence for a beauty shop. The answer to the question posed in the separate issue is therefore in the negative.
Present order on notice.