In the Matter of the Application of EDGAR S. APPLEBY and JOHN S. APPLEBY, Appellants, for a Peremptory Writ of Mandamus, v. MURRAY HULBERT, as Commissioner of Docks of the City of New York, Respondent.

First Department, January 20, 1922.

Waters and watercourses — peremptory writ of mandamus allowed compelling commissioner of docks of city of New York to permit petitioners to build bulkhead in Hudson river on line decided by this court to govern petitioners — issue of writ delayed to allow condemnation proceedings to acquire petitioner's property, if necessary to construct bulkhead on new line not affecting their rights.

A peremptory writ of mandamus should be allowed compelling the commissioner of docks of the city of New York to issue a permit to the petitioners to construct a bulkhead in the Hudson river on their premises on the bulkhead line approved by the Secretary of War in 1890, where it appears that the only objection by the commissioner to the alternative plans proposed by the petitioners was that they were not in accordance with a new bulkhead line established in 1916, that this court is to decide in an equity action herewith that the bulkhead line approved by the Secretary of War is the line which governs the petitioners, and that their rights are not affected by the line established in 1916.

However, if the commissioner deems it necessary that the bulkhead be built on the line established in 1916, the issuance of the writ will be delayed sufficiently to allow the city to acquire the petitioners' property by condemnation proceedings.

APPEAL by the petitioners, Edgar S. Appleby and another, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 29th day of December, 1920, denying their application for a peremptory writ of mandamus to compel the commissioner of docks to issue to them a permit for filling in land under water and the construction of a bulkhead.

*Spotswood D. Bowers* [*Banton Moore,* attorney], for the appellants.

*Charles J. Nehrbas* [*John P. O'Brien, Corporation Counsel*], for the respondent.

LAUGHLIN, J.:

The permit which appellants desired is with respect to the premises involved in the suit in equity brought by them against the city and others, in which their appeal from the judgment therein was argued and is to be decided herewith. (*Appleby* v. *City of New York,* 199 App. Div. 539.) The material facts with respect to the rights of the petitioners are stated in the opinion in that action and need not be restated here. The petition herein shows that on the 5th of December, 1919, the petitioners presented to the commissioner of docks, plans for the construction of a bulkhead on the bulkhead line established pursuant to the provisions of chapter 574 of the Laws of 1871, amending section 99 of chapter 137 of the Laws of 1870, and approved by the Secretary of War in 1890. One of these plans was for a solid filling from the bulkhead as then maintained by the appellants a little easterly of the easterly line of Twelfth avenue, to said bulkhead line as so established. The other plan was for the construction of the bulkhead and an approach thereto covering the entire surface over the lands of the appellants between West Thirty-ninth and West Fortieth streets and West Fortieth and West Forty-first streets and the bulkhead as so then maintained by the appellants and the bulkhead line as so established, but provided that such construction should be on piles without filling. The application was in the alternative for the approval of one or the other of the plans and for a permit for construction in accordance therewith. It was denied on the ground that it was not in accordance with the new bulkhead line established in 1916, but no other objection to the proposed plans was made by the commissioner. One of the proposed plans contemplated

First Department, January, 1922.    [Vol. 199

the filling in of Twelfth avenue between West Thirty-ninth and West Fortieth streets and West Fortieth and West Forty-first streets solid to the level of the surface of those streets as they now exist, continued westerly as piers, and the pavement of the surface with granite blocks; and the other plan contemplated the construction of such surfaces with granite block pavement resting on piles. We are deciding in the action that the fee to Twelfth avenue is in the city. The original grants of the land under water between these streets, under which the petitioners claim, obligated the grantees, when required by the mayor, aldermen and commonalty of the city, or their successors, at their own proper costs and charges, to build, erect, make and finish, or cause to be built, erected, made and finished, bulkheads, wharves, streets or avenues within the lines of Twelfth and Thirteenth avenues and West Thirty-ninth, West Fortieth and West Forty-first streets in so far as the same were embraced within the exterior boundary lines of the grants, which embraced Twelfth and Thirteenth avenues between the center lines of West Thirty-ninth and West Forty-first streets and the three streets between these lines and the easterly line of Twelfth avenue and the westerly line of Thirteenth avenue. The streets within these boundaries have already been made as piers, as stated in our opinion in the action, but the avenues within those boundaries have not been filled in nor made. By the original grants the grantees and their successors were precluded from filling in or making the streets and avenues until permission therefor should be obtained from the mayor, aldermen and commonalty of the city or their successors, and also precluded them from building or erecting any wharf or pier or other obstruction in the Hudson river in front of the premises granted, without like permission. The bulkhead line, as established in 1916, crosses the premises granted by the original grants between Twelfth and Thirteenth avenues, somewhat nearer Twelfth than Thirteenth avenue. We are deciding in the action that the rights of the appellants are not limited or restricted by this bulkhead line, but only by the bulkhead line which has been approved by the Secretary of War. They have, we think, an absolute right to fill in from the land granted by the same grants easterly of Twelfth avenue, which has been filled in,

to that bulkhead line, for it was fairly contemplated by the grants that they were to have free and unrestricted access to the bulkhead or wharf from all of the lands granted which might lie easterly of the bulkhead line when lawfully established, in order that they might enjoy the wharfage and cranage rights granted to them in consideration of the money paid by them and obligations to build bulkheads and to make and continue in repair the streets and avenues within the exterior boundaries of the grants; and of such rights they can be deprived only by a voluntary relinquishment thereof, or by the exercise of the right of eminent domain, and making to them just compensation therefor. (*Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Williams* v. *Mayor, etc.*, 105 id. 419; *Matter of Commissioner of Public Works*, 135 App. Div. 561; affd., 199 N. Y. 531.) The exercise by the appellants of the right to construct the bulkhead, not on Thirteenth avenue, as originally contemplated, but upon their own land, where the bulkhead line has been lawfully established as to them, however, is subject to the approval of the commissioner of docks, who, under the statute,* has succeeded to the jurisdiction and functions of the mayor, aldermen and commonalty of the city in the premises. Since no objection was made by the commissioner of docks to the alternative plans for this improvement presented by the appellants, and there has been extensive litigation between the parties, which should be brought to an end, the order should be reversed and the motion for a peremptory writ of mandamus, requiring the respondent to issue a permit to the appellants, based on one or the other of the proposed plans, as the same may be modified by him with a view to safeguarding the public interests, should be granted; but if the commissioner of docks deems it necessary that the bulkhead and wharf should be built on the bulkhead line so established in 1916, the city should be afforded an opportunity to acquire the property and property rights of the plaintiffs essential to have the improvements conform to that bulkhead line.

It follows that the order should be reversed, without costs, and motion granted, without costs; but it will be provided in the order that the order shall not be issued for thirty days,

---

* See Greater N. Y. Charter (Laws of 1901, chap. 466), § 819, as amd. by Laws of 1913, chap. 327.— [Rep.

and if within that time an appropriate condemnation proceeding shall be instituted to acquire the property and property rights of the relators, then the issuance of the order shall be suspended for a reasonable time to enable the city to acquire such property and property rights, but otherwise the order will be issued at the expiration of thirty days.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, without costs, and motion granted, without costs; the mandamus order not to be issued for thirty days, and if an appropriate condemnation proceeding be instituted within that time, said order will be suspended for a reasonable time to enable the city to acquire the property and property rights; otherwise, said order will be issued at the expiration of thirty days.    Settle order on notice.