In the Matter of the Application of EDGAR S. APPLEBY,
Respondent and Appellant, for a Peremptory Writ
of Mandamus against JOHN H. DELANEY, as Com-
missioner of Docks of the City of New York, Appellant
and Respondent.

Navigable waters — New York city — grant of lands under
water of Hudson river to private persons for purpose of filling,
and erection of wharves and piers thereon — when mandamus
will not issue to compel issuance of permits for filling in of
such lands.

The Sinking Fund Ordinance of the city of New York, authorizing
the sale of land under water to private persons for the purpose of
filling and using the land and the erection of wharves and piers thereon
provides (Tit. 4, § 15): " No grant made by virtue of this ordinance
shall authorize the grantee to construct bulkheads or piers or make
land in conformity therewith, without permission to do so is first
had and obtained from the common council." Grants under said
ordinance to petitioner's predecessors in title also contain provisions
requiring permission of the city precedent to the filling in of lands
or the building of any wharf, pier or other obstruction in the Hudson
river. In this proceeding, to compel the commissioner of docks to
approve permits for the filling in of lands under water held under
such grant, application for mandamus should be denied. The lands
are held subject to the conditions of the grant and may not be filled
in without the approval of the city authorities. (*Duryea* v. *Mayor,*
*etc.,* 62 N. Y. 592; *Duryee* v. *Mayor, etc.,* 96 N. Y. 477, distinguished.)
   *Matter of Appleby* v. *Hulbert,* 199 App. Div. 552, reversed.

(Argued January 10, 1923; decided April 17, 1923.)

CROSS-APPEALS from an order of the Appellate Division
of the Supreme Court in the first judicial department,
entered April 27, 1922, which reversed an order of
Special Term denying a motion for a peremptory writ
of mandamus requiring the commissioner of docks of
the city of New York to approve certain dock plans
and granted said motion.

*George P. Nicholson,* Corporation Counsel (*Charles J.
Nehrbas* of counsel), for Commissioner of Docks, appellant

and respondent. The relators are not entitled to improve their property in any manner other than that shown upon the official plan of 1916. (*Kingsland* v. *Mayor, etc.,* 110 N. Y. 569; *Greenleaf-Johnson Lumber Co.* v. *Garrison,* 237 U. S. 251.) The relators have no right to fill in any of the lands granted by the city to their predecessors without permission first had and obtained from the municipal authorities. (*Duryee* v. *Mayor, etc.,* 96 N. Y. 477.)

*Banton Moore* and *Spotswood D. Bowers* for relators, respondents and appellants. The relators can improve their property " as far west as Thirteenth avenue." (*Matter of City of New York* [*American Ice Co.*], 193 N. Y. 503, 519; *American Ice Co.* v. *City of New York,* 217 N. Y. 402, 420.) The grantee may fill in and improve the land under water granted between the streets and avenues, at their pleasure and without consent of the city. (*Duryea* v. *Mayor, etc.,* 62 N. Y. 592; *Mayor* v. *Law,* 125 N. Y. 380.)

POUND, J. Relators seek to compel the commissioner of docks to approve permits for the filling in of lands under water.

The facts herein are substantially the same as in *Appleby* v. *City of New York,* decided herewith, with this difference: The city established a new bulkhead line in 1916, which crosses the premises granted between Twelfth and Thirteenth avenues. It was held in the action that the rights of the relators are not limited by this bulkhead line but only by the bulkhead line established by the secretary of war. The court below decided herein that a writ of peremptory mandamus should issue unless condemnation proceedings were instituted to acquire relators' property and property rights within such line. (199 App. Div. 552.)

We held in the action that the title of relators to lands actually under water is subject to the rights of the city to improve the same for the purposes of navigation but that the city must re-acquire the property rights in the land under water which it has conveyed before it can carry out its plans for such improvement.

This application should not, however, be granted. Section 15 of title 4 of the sinking fund ordinance of 1844, referred to in the opinion in the action, provides:

" No grant made by virtue of this ordinance shall authorize the grantee to construct bulkheads or piers or make land in conformity therewith, without permission to do so is first had and obtained from the common council."

The water grants under which relators hold title also provide:

" And it is hereby further covenanted and agreed, by and between the parties to these presents, and the true intent and meaning hereof is that the said party of the second part, his heirs and assigns will not build the said wharves, bulkheads, avenues or streets hereinbefore mentioned or any part thereof, or make the lands in conformity with the covenants hereinafter mentioned until permission for that purpose shall be first had and obtained from the said parties of the first part, or their successors, and will not build or erect or cause to be built or erected any wharf or pier or other obstruction in the Hudson River in front of the hereby granted premises without the permission of the said parties of the first part or their successors or assigns first had for that purpose."

In *Duryea* v. *Mayor, etc.* (62 N. Y. 592) it was said that a similar clause did not limit the right of the owners to fill the space between the streets, but on a subsequent appeal (*Duryee* v. *Mayor, etc.*, 96 N. Y. 477) it was said that the provisions of the sinking fund ordinance had not been called to the court's attention on the first appeal

and it was held that the council had given its consent. We are free to interpret the clause according to its meaning. To construe the ordinance and the grants as permitting the filling of the land between the streets at the will of the grantee and as prohibiting the building of the wharves and streets without the consent of the common council would be unreasonable. The lands are thus held subject to the conditions of the grant and may not be filled in without the approval of the city authorities. The power to grant permission to construct bulkheads or piers and to make land in conformity with relators' grants implies the right to withhold such permission.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.